## UNION PAC. R. CO. v. LUCAS.

(Circuit Court of Appeals, Eighth Circuit. March 18, 1905.)

No. 2,071.

**1. PRACTICE—CONFLICTING EVIDENCE FOR JURY.**

Where the substantial evidence upon a material issue of fact is conflicting, the question is for the jury and not for the court.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, §§ 342, 343.]

**2. RAILROADS—FIRES—EVIDENCE—VALUES—OWNER MAY TESTIFY THOUGH NOT AN EXPERT.**

The owner of property who personally purchased and used it may testify to its value, although not an expert upon that subject.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, § 2217.]

The owner of land and buildings which he purchased and used in his business may testify to the value of the land with the buildings and to the value of the land without them, in order to prove the damage from their destruction, after he has testified that he knows their value, and that they were situated in a small village, where there were few sales, although he was not familiar with other purchases or sales of such property.

The owner of a stock of goods may testify to their value in a single sum after evidence has been introduced that he was the active manager of the business conducted with the stock, that he knew its value, that the goods and his inventory of them were burned, and that he cannot give the items of the stock in detail.

**3. SAME—INSURANCE AS EVIDENCE OF VALUE.**

The refusal of admission of evidence of the amount of insurance upon property upon the issue of its value is not reversible error.

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the District of Kansas.

N. H. Loomis (R. W. Blair and H. A. Scandrett, on the brief), for plaintiff in error.

W. F. Guthrie (Louis C. Boyle, on the brief), for defendant in error.

Before SANBORN and VAN DEVANTER, Circuit Judges, and PHILIPS, District Judge.

SANBORN, Circuit Judge. About the middle of the afternoon on March 18, 1902, a fire burned the buildings and stock of goods of the defendant in error, Frank P. Lucas. The buildings stood along the north line of the right of way of the Union Pacific Railroad Company through the town of Wa Keeney, a village of about 700 inhabitants. They extended about 170 feet, and at the west end of them was a stable, with an open window on the south side of it, beneath which was a pile of manure and straw which Lucas had thrown out upon the right of way of the railroad company. He sued the company for negligence in setting the fire, which he alleged consisted in negligently operating a defective engine which drew 18 freight cars through the village at the rate of 40 miles per hour, and in carelessly permitting grass and other combustible material to remain upon its right of way. The railroad company

denied the charges against it, and averred that, if the plaintiff had sustained any damage, it had been caused by his own negligence. At the close of the trial the plaintiff withdrew the charge that the company had carelessly permitted combustible materials to accumulate and remain upon its right of way, and the court instructed the jury that they should not, in any event, find a verdict against the defendant on account of the condition of the right of way. There was a verdict and judgment against the railroad company, which this writ of error has been sued out to reverse.

There was an abundance of evidence that the fire was set by a spark which flew from the engine, that the engine set several fires on the day the property of the plaintiff was burned, and that an engine properly constructed and in good repair would not have thrown the sparks and set the fires which this engine did. The case was tried, and the court charged the jury on the theory that it was contributory negligence for the plaintiff to throw the straw and manure upon the right of way of the railroad company, and that, if his property would not have been burned had not this manure and straw been upon the right of way, he could not recover. The crucial issue of fact in the case became whether the fire was set in the pile of manure or in the dry grass and weeds some distance southwest of the stable on the right of way. Counsel for the defendant earnestly and persuasively contend that the court below erred because it did not grant their request to instruct the jury to return a verdict in favor of their client, and because after verdict it did not grant their motion to enter judgment for the defendant notwithstanding the verdict. But the evidence upon the question of fact which conditioned these requests is too conflicting and evenly balanced to warrant its withdrawal from the jury. There is evidence that all the dead grass and weeds upon the right of way had been burned off a few days before this accident, and there is evidence that there were bunches of weeds and grass upon the right of way upon the day of the fire. Several witnesses testify that the fire first caught in the pile of manure and straw by the side of the stable, and several testify as positively that it first caught in the dead grass and weeds upon the right of way southwest of the manure pile. There is substantial evidence upon each side of this issue, so that the court below could not have properly withdrawn the case from the jury on the ground that the evidence conclusively established the fact that the negligence of the plaintiff contributed to the injury.

Another argument of counsel here is that because the plaintiff at the close of the trial withdrew its charge of negligence on account of the condition of the right of way and the court instructed the jury that there could be no recovery against the defendant for negligence in permitting combustible material thereon, there remained no evidence in the case that there was any combustible material upon the right of way, and hence there was no foundation for the finding of the jury that the fire was set elsewhere than in the pile of manure and straw. The fallacy in this argument is that the withdrawal of the claim for a recovery on account of negligence

in caring for the right of way did not withdraw the testimony of witnesses that there were combustible materials upon the right of way which the sparks from the engine set on fire. As there was substantial evidence before the jury that there were weeds and grass upon the right of way when the engine passed through the town, that the fire was set in a few moments after its passage, that it was first seen burning in the combustible material southwest of the stable several feet distant from the pile of manure, whence it passed under the stable and set it on fire, the court properly refused to withdraw the case from the jury notwithstanding the fact that many witnesses contradicted this testimony. Where the substantial evidence upon a material issue of fact is conflicting, the question is for the jury, and not the court.

The court charged the jury that, although they might find that the defendant was guilty of some act of negligence alleged in the petition of plaintiff, and although they might find that defendant was guilty of some of the acts of negligence alleged in the petition of the plaintiff, yet if they believed from all the evidence that the plaintiff was guilty of contributory negligence in placing the pile of manure upon the defendant's right of way, and that the plaintiff's loss would not have occurred had it not been for such pile of manure, then they should find that the plaintiff was guilty of contributory negligence in the case, and that he could not recover. This charge is criticised because the court used the words "some act of negligence" and "some of the acts of negligence" alleged in the petition, when it is insisted it should have declared that, although the defendant was guilty of all the acts of negligence alleged in the petition, yet the plaintiff could not recover if he was guilty of the contributory negligence. The criticism is too refined and technical. The plain meaning of the court in this instruction was that there could be no recovery if the plaintiff was guilty of contributory negligence, whatever might have been the negligence of the defendant, and the jury could not, in our opinion, have understood the instruction in any other sense.

Exception was taken to the refusal of the court to give instructions requested by counsel for the defendant upon the question of contributory negligence. But the rule of law embodied in those instructions was carefully given by the court to the jury, and there was no error in its refusal to repeat them in the words of counsel's requests.

The court refused to instruct the jury that the defendant was under no obligation to remove any manure, hay, or other inflammable material which the plaintiff might have thrown out of his stable upon its right of way. But there was no error in the refusal to give this request, because the plaintiff withdrew his charge of negligence in the care of the right of way, and thus left this instruction without application to the case.

Upon the cross-examination of the plaintiff, after he had testified to the value of his buildings and of his stock of goods, the court refused to permit counsel for the defendant to prove by him the amount of insurance he carried upon his property, on the ground

that this evidence was immaterial. The theory and practice of insurers and insured is to make the limit of insurance much less than the value of the property, while owners are permitted to procure insurance in amounts far below this limit. The result is that the amount of insurance has no fixed or uniform relation to the value of the property it covers, and hence does not directly tend to disclose its value. Many cases may be conceived in which it might be material, in ascertaining the value of property, to disclose the amount of insurance which the owner carried upon it; such as those in which he is charged with fraud, misrepresentation, or deceit, or his good faith in some transaction is questioned. But there was nothing of that nature in this case, and the testimony offered here was too remote and indirect evidence of value to make its refusal reversible error.

It is assigned as error that the plaintiff was permitted to testify to the value of his stock of goods in a lump sum. But when this ruling was made evidence had been introduced that he was the active manager of the business which was conducted with these goods; that he knew their value; that they had been burned; that his last inventory, which had been carefully made, was destroyed by the same fire; and that he could not give the items of which the stock consisted in detail. In this state of the case there was no error in permitting him to state in a single amount his estimate of the value of the goods destroyed.

Another objection to his testimony is that he was permitted to state the value of the land and the buildings before the latter were burned and the value of the land after the buildings were destroyed, for the purpose of enabling the jury to estimate the damages which resulted from their destruction, although he was not shown to have been an expert in the values of real estate. The rule, however, which requires those who testify to the value of real estate to qualify themselves by proof of knowledge of market value derived from sales or purchases, does not apply to the owner of lands and buildings who has purchased and used them himself. His purchase, his ownership, and his use qualify him to give an estimate of their value. The plaintiff had testified that he had participated in the purchase of this property, that he had been engaged in business upon it for many years, that he resided in the village in which it was situated, that there were few sales of real estate in that town, and that he knew the value of the property. Under these circumstances he was qualified to testify to the jury upon this question.

There was no error in the trial of this case, and the judgment below is affirmed.