LAWRENCE J. LOGAN *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk. March 14, 1905. — June 21, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Boston Elevated Railway Company. Damages. Evidence,* Opinion: experts.

A petitioner under St. 1894, c. 548, § 8, for damages from the location, construction, maintenance and operation of the elevated railway of the Boston Elevated Railway Company, is entitled to recover for injury to his property not only from noise caused directly by the operation of the elevated trains but also for injury from the increase of noise in the operation of the surface cars under the elevated structure caused by the existence of that structure.

On the trial of a petition under St. 1894, c. 548, § 8, for damages from the location, construction, maintenance and operation of the elevated railway of the Boston Elevated Railway Company, an expert who has given his opinion in regard to the amount of damage to the petitioner's property, may be permitted to testify that the building of the elevated railway had diminished the salability of property along the line, this being admitted as the statement of an effect which related to the petitioner's estate as well as to others, in support of the witness's previously expressed opinion on the subject of damages.

PETITION, filed November 12, 1901, by the owner of a parcel of land with the buildings thereon on Washington Street at the corner of Eustis Street in Boston, under St. 1894, c. 548, § 8, for damages from the location, construction, maintenance and operation of the elevated railway of the Boston Elevated Railway Company.

At the trial in the Superior Court before *Holmes,* J. the jury returned a verdict for the petitioner, and assessed his damages

in the sum of $5,750.   The respondent alleged exceptions to the admission of certain evidence described in the opinion.

*P. H. Cooney*, (*L. F. Hyde* with him,) for the respondent.

*S. C. Brackett*, (*J. Walsh* with him,) for the petitioner.

KNOWLTON, C. J.   This bill of exceptions presents two questions in regard to the admission of evidence.   The suit was brought to recover damages to property caused by the location, construction and operation of the Boston Elevated Railway, under the St. 1894, c. 548.   On the street opposite to the petitioner's house is the defendant's elevated structure, twenty-five feet in width, upon which are two tracks.   Underneath this structure are two tracks of a surface railway over which cars are constantly passing.   We understand that the surface tracks were there before the elevated railway was built.   A duly qualified expert witness was allowed to testify that the construction of this railway over the surface tracks increased the noise at the plaintiff's house on the side of the street, caused by the cars running over the surface railway.   It is conceded that noise from the elevated railway is one of the elements of damage to the petitioner's property, under the St. 1894, c. 548.   *Baker* v. *Boston Elevated Railway*, 183 Mass. 178, 181, 182.   Upon this branch of the case, it makes no difference whether the noise is caused by the running of cars upon the elevated structure, or by an increase and aggravation of the sound of the cars running underneath it, on the tracks of the surface railway.   The testimony was rightly admitted.

An expert as to the value of real estate, who presumably had given his opinion in regard to the amount of damage to the petitioner's property, was permitted to testify, subject to the respondent's exception, that the building of the elevated railway had diminished the salability of property along the line.   We infer that he was asked to give the result of his experience in the real estate market, in support of his previously expressed opinion on the subject of damages.   Testimony of a proper kind, to show the reasons for the opinion of an expert, is often introduced to give weight to his opinions and to make them intelligible.   *Sexton* v. *North Bridgewater*, 116 Mass. 200, 207.   *Dickenson* v. *Fitchburg*, 13 Gray, 546.

The effect of the respondent's taking and use of the easement

upon the market value of the petitioner's property was the subject which the jury were investigating. On this subject, the state of the market in reference to such property, so far as it seemed to be produced by the construction and use of the railway, was a proper matter for their consideration. *Lawrence* v. *Boston*, 119 Mass. 126. *Pierce* v. *Boston*, 164 Mass. 92. The fact that the question was general, including the effect upon similarly situated property other than the petitioner's, is immaterial. The testimony was introduced for its bearing upon the estate in question. It was a statement of an effect which relates to this estate as well as to others. In the opinion of a majority of the court the entry should be

*Exceptions overruled.*