HORATIO P. PEIRSON, trustee, & others, *vs.* BOSTON
ELEVATED RAILWAY COMPANY.

NEW ENGLAND TRUST COMPANY *vs.* SAME.

Suffolk.    January 17, 18, 1906. — March 7, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Practice, Civil,* New trial, Exceptions.  *Rules of Court.  Constitutional Law.
Damages.  Boston Elevated Railway Company.  Evidence,* Opinion: experts,
*Res gestae.*

Under R. L. c. 173, § 112, and Rule 44 (now Rule 41) of the Superior Court, a judge
of that court, after denying a motion for a new trial, has no power to order
a new trial on a ground not covered by the motion.

R. L. c. 173, § 112, providing that "a verdict shall not be set aside except upon a
motion in writing by a party to the cause, stating the reasons relied upon in its
support, filed and heard after notice to the adverse party according to the rules
of the court," is constitutional.

Where a judge of the Superior Court, after denying a motion for a new trial,
makes an order for a new trial which is void because upon a ground not
stated in the motion and without notice to the adverse party, if the party de-
siring the new trial moves to amend his motion by adding a statement of
further reasons which if incorporated in the original motion might have justi-
fied the order of the court, and this motion is denied by the judge, the last

motion denied can have no effect to cure the invalidity of the order, and the court is not called upon to consider what the effect of the amendment would have been if allowed.

Where two petitions claiming damages to real estate under a statute are consolidated by an order of court and are tried together as one case, and the counsel originally appearing for the first petitioner, although he does not appear for the second of record, conducts the trial on behalf of both of the petitioners, opening the case, examining the witnesses and arguing the case to the jury, and the counsel of record for the second petitioner, who is present in court, consults with the counsel for the first petitioner and attends at all consultations at the bench, the question, whether a notice of a motion for a new trial, given to the counsel conducting the trial but not to the counsel for the second petitioner, is sufficient under Rule 41 (formerly Rule 44) of the Superior Court, here was not passed upon because immaterial, the motion having been denied.

At the trial of a petition under St. 1894, c. 548, §§ 8, 9, for damages to the petitioner's property from the construction, maintenance and operation of the elevated railway of the Boston Elevated Railway Company, if it is competent to show a diminution of the value of the property for the purpose of borrowing upon it by mortgage, as tending to show a diminution in its market value, which was doubted, this cannot be shown by testimony of an owner of the property that an opinion formed by him, that there was a change in the mortgage market in regard to property abutting on the elevated railway, was based upon the fact that after the construction of the railway he was unable to obtain from other parties a loan upon a mortgage of the property for an amount which a certain trust company had lent upon it before the construction of the railway.

An expert cannot be allowed to give as a ground for his opinion matters which otherwise would be incompetent as evidence, although such matters properly might have been admitted on his cross-examination to test and diminish the weight to be given to his opinion.

When evidence has been admitted against the objection and exception of the adverse party, that party does not waive his exception by failing to except to a portion of the charge of the presiding judge which leaves this evidence to the jury in a manner which is proper if the evidence is competent.

At the trial of a petition under St. 1894, c. 548, §§ 8, 9, for damages to the petitioner's property from the construction, maintenance and operation of the elevated railway of the Boston Elevated Railway Company, a lessee of a portion of the property was allowed to testify against the respondent's exception that on one or two occasions when persons had come for dinner into the restaurant which he kept in the part of the premises leased to him he had heard them say " Oh, we can't talk here; let us get out of here, and eat somewheres where we can talk and hear ourselves," and that they would get up and go out. *Held,* that the evidence was competent as a statement accompanying the act of the customers in leaving the restaurant which showed the character of that act, and properly might be considered in determining the effect of the noise caused by the operation of the respondent's railway.

An exception not argued will be treated as waived.

On a petition under St. 1894, c. 548, §§ 8, 9, for damages to property from the construction, maintenance and operation of the elevated railway of the Boston Elevated Railway Company, no person can recover whose title or interest was acquired after the beginning of the construction of the elevated structure in front of the property alleged to be damaged. Following *Bates* v. *Boston Elevated Railway,* 187 Mass. 328.

Where several petitions claiming damages to real estate under a statute are consolidated by an order of court and are tried together as one case, and the counsel originally appearing for some of the petitioners appears in court, although not of record, for all of them and tries the case, notice to him of the filing of exceptions by the respondent is good against all the petitioners.

SHELDON, J.   These were petitions under St. 1894, c. 548, §§ 8, 9, and the acts in addition thereto, to recover compensation for damages done to an estate on Washington Street, Boston, by reason of the construction and maintenance of the respondent's railway in front thereof, brought by the first named petitioners as the owner and lessees, and by the second petitioner as the mortgagee of that estate.   Mary P. Tuckerman was not a party to the petitions as first brought.

At the trial in the Superior Court, it appeared that Mary P. Tuckerman owned the estate up to June 8, 1900, on which day she conveyed it to Horatio P. Peirson in trust for herself, and on August 11, 1900, Peirson gave a mortgage of the estate to the New England Trust Company, the petitioner in the second petition.   On July 29, 1899, Mary Tuckerman had given to Alexander Kohan a lease of the upper part of the premises, and on May 31, 1900, a lease of the ground floor and basement to Hatch and Muench.   The terms created by these leases were to begin on September 1 in 1899 and 1900 respectively, and they were to expire on August 31, 1904, and 1905, respectively.   The lessees appeared in the first petition and filed claims therein.   The New England Trust Company filed a separate petition for damages as mortgagee.   The petitions were ordered to be consolidated, and were tried together.

The trial of the case was begun in November, 1904, after the case of *Bates* v. *Boston Elevated Railway*, 187 Mass. 328, had been submitted to this court and argued by counsel, but before the decision of that case.   It appeared that the construction of the elevated railway in front of the estate was begun on April 4, 1899.   Without objection from either party, Peirson, as owner, and some of the tenants were allowed to testify to their opinions of the value of their respective estates ; and all the witnesses on both sides who testified to the amount of damages, or to the value of the premises before and after the construction of the elevated railway in front of them, did so generally and without

reference to any particular date, counsel on both sides agreeing that the answer of the jury to the question what was the total damage to the estate would not differ whatever date should be given to them as the date when the damage accrued.  When the leases were introduced in evidence, and again when the deed from Tuckerman to Peirson was brought out upon the cross-examination of Peirson, and again at the conclusion of the evidence, the counsel for the respondent asked for a ruling upon the date when the damage accrued ; and the counsel for Peirson stated that he represented Tuckerman, and asked the judge so to arrange and frame the questions for the jury and conduct the cause that a mistrial might be avoided whatever date should afterwards be set by this court.  The judge declined to make any ruling on the first two occasions, and on the third again declined to make a ruling, but informed the counsel that he expected to fix the date as June 10, 1901.

Before the case was given to the jury, the judge called the counsel to the bench and stated to them that it was desirable to submit the case to the jury in such a manner as to avoid the necessity of a new trial if any ruling of the court upon the point when the right of action accrued should not be sustained in the Supreme Judicial Court, and read to the counsel the following memorandum stating that it indicated the plan which he desired to pursue if it was assented to by the counsel for all parties ; and the counsel for all parties assented thereto, the counsel for the respondent stating however that he did not thereby waive any of his exceptions :

" Mary P. Tuckerman admitted as co-petitioner.

" Agree't.    Issues may be submitted to jury to assess damages as of June 10, 1901, being the date when final certificate of Rd. Com'rs filed in office of Sec'y of Com'th and road authorized to do business.

" After verdicts, if for petitioners, case to be reported to S. J. Ct.

" If damages sh'd be assessed as of any date prior to July 29th, 1899, being the date of the earliest lease — then judg't to be entered in favor of petitioner Mary P. Tuckerman for the whole damages as found by the jury, and in favor of the respondent as against all other petitioners.

" If damages were rightly assessed as of June 10, 1901, or should be assessed as of any date subsequent to Aug. 11, 1900, the date of the mortgage to the N. E. Trust Co., judg't on the verdicts."

The case was submitted to the jury accordingly, and they found that the petitioners' estate had been damaged more than it had been benefited or improved in value by reason of the location, construction, maintenance and operation of the railway, to the amount of $8,843, and apportioned of this amount the sum of $5,975 to the petitioner Peirson or Tuckerman, $478 to the petitioner Kohan, and $2,390 to the petitioners Hatch and Muench.

After the verdict, on December 23, 1904, a motion by Mary P. Tuckerman and Horatio P. Peirson to amend the record by making Tuckerman a petitioner of record was allowed by the judge.

After the verdict, the respondent declined to consent to a report on the terms indicated in the memorandum above set forth, and filed a motion for a new trial for the alleged reasons that the finding of the jury that the estate had been damaged more than it had been benefited or improved in value by reason of the location, construction, maintenance and operation of the railway, was against the evidence and the weight of the evidence, and because the amounts found and awarded were excessive. The judge indorsed on the back of this motion : " Denied, but new trial granted on other grounds, as stated in memorandum." This memorandum, which was attached to the motion, was as follows:

" This case was submitted to the jury under instructions that the right to compensation for damage to the property of the petitioners accrued June 10th, 1901. In view of the decision in the case of *Bates* v. *Boston Elevated Railway* it now appears that the right accrued at a much earlier date, and that the instructions given to the jury were erroneous. At the trial certain material evidence was admitted against the objection of the respondent, which would not have been competent as to the damage sustained at the earlier date. There was a mistrial in important and material particulars. The verdict and answers of the jury to the questions submitted to them should be set aside and a new trial granted, and it is so ordered."

The petitioners excepted to this order granting a new trial. The material evidence mentioned in this memorandum was that of the petitioners Pierson, Hatch and Kohan to their opinions of the values of their estates and the amount of their respective damages; and no objection was made or exception saved to their right so to testify, nor was any ruling upon this question requested by counsel for the respondent at any time before verdict. The evidence was closed on the Wednesday before Thanksgiving day. In the charge given on the Monday following, the judge recapitulated the evidence before the jury, including the substance of the testimony so given by Peirson, Hatch and Kohan as to value, and to that portion of the charge no objection was made or exception saved.

The New England Trust Company, the petitioner in the second action, also excepted to the order granting a new trial on the further ground that no notice had been given of the filing of the motion to it or to its counsel Mr. Hall. At the trial of the consolidated action it was represented by Mr. Hall, its counsel. He was present throughout the trial, and at all conferences of counsel at the bench. Mr. Hale, of counsel for the other petitioners, alone opened the case, examined the witnesses and argued the case to the jury without objection from and with the consent of this petitioner. Its counsel, Mr. Hall, frequently conferred with Mr. Hale in open court during the progress of the trial, but Mr. Hale had no authority to appear for this petitioner other than such as may be inferred from the facts herein stated. The only appearance entered of record for this petitioner was that of Mr. Hall. Notice of the motion for a new trial and a copy thereof were duly given to Mr. Hale, but no such notice or copy ever was given to or received by this petitioner or Mr. Hall. After the expiration of more than three days from the date of the verdict, Mr. Hall learned from Mr. Hale that such a motion had been filed. Mr. Hall received no notice from any one of the date of the first hearing upon the motion for a new trial, and so was not present at that hearing. At the second hearing upon this motion, and immediately after it had been argued by counsel for the respondent and by Mr. Hale, Mr. Hall made and thereafter insisted upon the objection that no notice of the filing of this motion had been given to him or to his client.

The petitioners also have appealed from the order of the judge granting a new trial, and contend that upon the face of the record, under the statute then and now in force, the judge had no power to make this order.

The statute, R. L. c. 173, § 112, provides that " the courts may, at any time before judgment, set aside the verdict in a civil action and order a new trial for any cause for which a new trial may by law be granted; but a verdict shall not be set aside except upon a motion in writing by a party to the cause, stating the reasons relied upon in its support, filed and heard after notice to the adverse party according to the rules of the court. A verdict shall not be set aside as excessive until the prevailing party has first been given an opportunity to remit so much thereof as the court adjudges is excessive." The latter part of this statute, including all but the first three lines, is codified in the Revised Laws from St. 1897, c. 472, and has been upon our statute books since that year. Rule 44 * of the Superior Court requires that such motions for new trials shall be filed within three days after the verdict is returned, and that a copy of the motion shall be delivered to the adverse counsel on the day the same is filed. In this case a motion for a new trial was duly filed and due notice and a copy thereof were given to the counsel of some of the petitioners. This motion, however, was denied; and the judge, apparently without any motion for that purpose being before him, ordered a new trial because in his view justice required such action on his part.

We do not think that it can be said that this action was justified by the statute. *Ellis* v. *Ginsburg*, 163 Mass. 143, merely decides that before the passage of the statute of 1897 the court had power to set aside a verdict upon its own motion. It has not been argued and could not seriously be contended that because the judge's memorandum ordering a new trial was attached to the motion asking upon other grounds for a new trial, which motion the judge denied, his order could be said to be made upon that motion within the meaning of the statute. The requirement is that the motion shall state the reasons relied upon in its support; and the plain meaning of the statute is that the reasons

---

* Rule 41 in Rules of 1906.

so stated are the ones which the court is to consider, and upon which its decision to grant or to refuse a new trial is to be based.

But the respondent argues that this statute is unconstitutional; that it is in violation of those provisions of the Constitution of the United States and of our own Constitution which guarantee a trial by jury. Amendments to the Constitution of the United States, art. 7. Declaration of Rights, art. 15. Its counsel argues that this right to a trial by jury means, and must mean, in the language of the Supreme Court of the United States, " a trial by jury of twelve men in the presence and under the charge and supervision of the judge empowered to instruct them on the law . . . and, except on acquittal on a criminal charge, to set aside the verdict if in his opinion it is against the law or the evidence." *Capital Traction Co.* v. *Hof*, 174 U. S. 1. But the implication from the preservation of the right to a trial by jury of the power of the court to set aside the verdict of its own motion cannot rise above the right itself; and it was held in *Foster* v. *Morse*, 132 Mass. 354, that a statute provision that in civil actions a party shall not be entitled to a trial by jury unless he files within a prescribed time a notice that he desires such trial, is constitutional. R. L. c. 173, § 56. And Morton, C. J. says, in the case just cited : " The purpose of the Declaration of Rights was to announce great and fundamental principles, to govern the action of those who make and those who administer the law, rather than to establish precise and positive rules of action. It has uniformly been held that this and the similar provision in the twelfth article of the Declaration of Rights are intended to secure a benefit or right to a party to a suit, which he may avail himself of or waive at his election ; and that the Legislature, under the power given it by the Constitution to make ' all manner of wholesome and reasonable orders, laws, statutes and ordinances, directions and instructions,' not repugnant to the Constitution, has the authority to make reasonable laws regulating the mode in which this right shall be enjoyed and used. *Jones* v. *Robbins*, 8 Gray, 329." The statute now in question does not absolutely deprive the parties of the right to have a new trial, if it seems to the presiding judge that one ought to be ordered. If that were the case, a very different question would be raised from the one which is

now before us.  It simply provides, as in *Foster* v. *Morse, ubi supra*, that they shall be deemed to waive their right to ask for. one unless they shall have seasonably exercised it in the manner required by the statute and the rule of court made in pursuance thereof, and that the court shall not in such an event force upon them a new trial which has not been asked for and presumably is not desired by either of them.  In the same way it has been held that the right of trial by jury, even in a criminal case, is not hampered by allowing it only upon appeal, after a conviction by a magistrate or court sitting without a jury, and after being required to give bail or be imprisoned to secure the prosecution of an appeal.  *Jones* v. *Robbins, ubi supra.*   And a like rule has been applied to civil cases.   *Tyler* v. *Court of Registration*, 175 Mass. 71, 75, and cases there cited.   *Wall* v. *Old Colony Trust Co.* 177 Mass. 275, 279.   We cannot doubt the power of the Legislature to say both that a new trial shall not be forced upon litigants against the wishes of all the parties, and that any right to claim a new trial shall be deemed to be waived unless it shall be promptly asked for and a full statement of the reasons relied on given to the court and the adverse party.

Accordingly we are of opinion that on the face of the record it appears that the judge had not the right to make this order granting a new trial, and that the petitioners' respective appeals therefrom must be sustained.   Nor is the respondent's position bettered by the fact that on October 14, 1905, it asked leave to amend its motion for a new trial by adding a statement of further reasons, which, if they originally had been incorporated in its motion, might have been sufficient to warrant the order made by the judge.   This motion was denied ; and no question as to the effect which it might have produced is now before us.

This conclusion makes it unnecessary to consider the exceptions taken by the New England Trust Company on the ground that it had no notice of the filing of the motion by the respondent.

The respondent also alleged many exceptions at the trial of the petitions, which have been allowed, to be prosecuted in case it should be held that the order granting a new trial was erroneous ; and we now proceed to consider these.

The petitioner Peirson was called as a witness.   He testified

to the value of the property and the amount of the damage done to it. He also claimed, as an element of damage for which he was entitled to recover, that the mortgage value of the property had been affected by the construction and operation of the railway; and he was permitted to testify, against the respondent's objection and exception, that an opinion on his part that there was a change in the mortgage market with regard to property abutting on the elevated railway had affected his opinion as to the amount of damage suffered, and to state, as the basis and reason for his opinion as to the damage to the mortgage value that when the mortgage held by the New England Trust Company became due, he was called upon by that company to make a large payment on account of it, but that he had been unable to do so, and that the mortgagee refused to renew it, and that he had been obliged to let it stand subject to the pleasure of the mortgagee. We think that this ought not to have been admitted.

The substance of this evidence was that after the construction of the elevated railway he was unable to obtain from other parties a loan upon mortgage of this property for the amount ($15,000) which had been lent upon it by the New England Trust Company; that he tried to place this mortgage elsewhere and was unable to do it. This testimony was given, according to the exceptions, " as the basis and reason for his opinion as to the damage to the mortgage value." The contention was not that the property could no longer be mortgaged at all, but that the witness had been unable in fact to obtain so large an amount upon a mortgage of the property as he formerly had obtained. Giving the fullest effect to this testimony, it amounted merely to evidence that the persons to whom the witness had applied were unwilling to lend this amount upon such a mortgage, so as to lay the foundation for an inference that they did not regard the property as of sufficient value to be adequate security for so large a loan. If we assume that it would be competent to show that there was a diminution in the mortgage value, in the amount which could be borrowed in the mortgage market upon this property, as evidence tending to show a diminution in its market value, yet this evidence would not be competent for such a purpose. It is settled that evidence of unaccepted offers of a

certain price for land whose value is in question cannot be received for the purpose of showing that the land was worth that or any other amount. Such private offers and refusals are never admissible as evidence of actual value. *Drury* v. *Midland Railroad*, 127 Mass. 571, 582. *Wood* v. *Firemen's Ins. Co.* 126 Mass. 316, 319. *Fowler* v. *County Commissioners*, 6 Allen, 92, 96. *Dickenson* v. *Fitchburg*, 13 Gray, 546, 554. See *Roberts* v. *Boston*, 149 Mass. 346, 354, 355. *A fortiori*, the fact that offers to buy or sell at a certain price named have not been made, or that an effort to obtain such offers was unsuccessful, cannot be shown. *Doherty* v. *Hill*, 144 Mass. 465, 469. For the same reasons, neither an offer nor a refusal by third persons to lend a fixed amount upon mortgage of the property here in question can be competent as evidence either of its market value or of its mortgage value.

It is at least doubtful whether any evidence of a diminution in the mortgage value, that is of the amount which could be borrowed upon a mortgage of the property, would be competent. The measure of the damages in such a case as this is the diminution of the market value of the property, not the diminution of the mortgage value. The latter is a speculative quantity, varying according to the views of different investors. It does not appear, and we cannot assume, that there is a market for mortgages, in which the same percentage of market value can be borrowed upon each particular estate, and in the absence of such evidence the amount which can be so borrowed must depend upon too many circumstances outside the intrinsic value of the property to be a safe guide in determining such value. Testimony of opinions as to mortgage values is open to all the objections against testimony of opinions as to the values of adjacent estates. *Old Colony Railroad* v. *Robinson Co.* 176 Mass. 387, 390. *Thompson* v. *Boston*, 148 Mass. 387. But it is not necessary for us now to determine this question.

Nor was it proper to allow the witness to give this testimony as one of the grounds or reasons of the opinions which he had expressed as to the value of the property. It is now settled in this Commonwealth that there is no right to put in evidence of matters which are incompetent as substantive evidence for the purpose of fortifying the opinion of an expert witness, even

though they are offered under the guise of the reasons for his opinion, and even though they might properly have been admitted on cross-examination to test and diminish the weight to be given to his opinion. *Commonwealth* v. *Tucker*, 189 Mass. 457, 479. *Commonwealth* v. *Leach*, 156 Mass. 99, 106. *Haven* v. *County Commissioners*, 155 Mass. 467, 472. *Hunt* v. *Boston*, 152 Mass. 168, 171. Moreover it should be remembered that the original mortgage was given some time after the right of action had accrued. *Bates* v. *Boston Elevated Railway*, 187 Mass. 328. The very foundation of all this testimony was accordingly incompetent, and doubtless this circumstance weighed strongly in the mind of the judge when he afterwards reached the conclusion that justice required him to set aside the verdict and order a new trial. We have indeed already decided that he did not have the power to take the course which he took; but we are not now required to strain unduly the circumstances in order to avoid sustaining the exceptions for what was manifestly a prejudicial error. Nor is it any answer to the respondent's complaint to say that no exception was taken to the manner in which the charge to the jury dealt with this question. The evidence had been admitted subject to the respondent's exception. It had preserved its rights, and was not called upon to ask for any further ruling or to save any further exception upon this subject. No question is made but that this evidence was properly left to the jury if it was competent to be received at all. There is nothing in *Morrison* v. *Lawrence*, 186 Mass. 456, 464, or *Logan* v. *Boston Elevated Railway*, 188 Mass. 414, at variance with the views here stated. We are of opinion that this exception must be sustained.

Hatch, one of the lessees, was allowed to testify against the respondent's exception that on two or three occasions when people had come for dinner into the restaurant which he kept in the part of the premises leased to him, he had heard them say, "Oh, we can't talk here; let us get out of here, and eat somewheres where we can talk and hear ourselves"; and that then they would get up and go out. It is argued that this was mere hearsay evidence, and was incompetent. *Wesson* v. *Washburn Iron Co.* 13 Allen, 95. *Nutting* v. *Page*, 4 Gray, 581. But we think that the evidence was competent. It was a statement of

Hatch's customers which accompanied their act of leaving his restaurant, showed the operation of their minds, and might properly be considered in determining the effect of the noise of the respondent's structure. *Elmer* v. *Fessenden,* 151 Mass. 359. These declarations were not, as in *Wesson* v. *Washburn Iron Co., ubi supra,* statements of a previously existing state of facts, but were strictly contemporaneous with the operating influence. This exception must be overruled.

The exception to the admission of evidence that since the erection of the elevated structure the noise caused by the ordinary street travel in front of the premises had greatly increased has not been argued; and we treat it as waived. See *Logan* v. *Boston Elevated Railway, ubi supra.*

At the close of the evidence, Mary P. Tuckerman not yet having been admitted as a petitioner, the respondent in various forms of request asked the judge to rule that none of the then petitioners could recover and that the right to recover damages accrued before any of the petitioners acquired their title. In view of the agreement subsequently made by which Tuckerman was admitted as a petitioner and as to the manner in which the case should be submitted to the jury and reported to this court, it would, if material, become a question to be very seriously considered whether the respondent did not waive its exception to the refusal to give these requests. If these exceptions are still open to the respondent, it is not in dispute that they must be sustained. *Bates* v. *Boston Elevated Railway, ubi supra.* It is unnecessary however to pass upon this question or upon the requests themselves, as, now that Tuckerman has become a petitioner and that the rule as to the time as of which damages are to be assessed has been settled by *Bates* v. *Boston Elevated Railway,* there seems to be no chance that any of these questions will be raised again.

The petitioner the New England Trust Company objects that the respondent's exceptions were not allowed properly, because no notice of their filing was given to it or to its counsel. As to this matter, the facts are the same as those already stated with reference to the respondent's motion for a new trial. But due and sufficient notice of the filing of the exceptions was given to Mr. Hale, the counsel for the other petitioners; and under the

circumstances we think that this was a sufficient notice to the trust company. The petitions had been consolidated by order of the court and really had become one action. Mr. Hale did in fact appear in court, though not of record, and in fact tried the case for this petitioner just as he did for the others. We think that the exceptions were allowed rightly.

Accordingly the petitioners' appeals from the order of the court granting a new trial are sustained; the respondent's exceptions are also sustained; and it is

*So ordered.*

*R. W. Hale,* (*R. D. Swaim* with him,) for the petitioners in the first case.

*P. F. Hall,* for the New England Trust Company, submitted a brief.

*P. H. Cooney,* (*L. F. Hyde* with him,) for the respondent.