CHARLES A. MAXWELL et al., Appellees, v. IOWA STATE HIGHWAY COMMISSION et al., Appellants.

No. 43189.

FEBRUARY 20, 1936.

OPINION ON REHEARING MARCH 9, 1937.

John H. Mitchell, Attorney General, Henry N. Graven, Sp. Asst. Attorney General, and M. R. Hammer, Jr., for appellants.

Korf & Korf and Cross & Hamill, for appellees.

KINTZINGER, J.—The defendants appeal from a judgment of $7,250 for the taking of 10½ acres of farm land in a condemnation proceeding. An opinion in this court affirming the judgment of the lower court was filed on February 20, 1936, in Maxwell v. Iowa State Highway Commission, 265 N. W. 899. A petition for a rehearing was later filed therein, and rehearing granted; the former opinion is, therefore, hereby withdrawn and the following substituted in lieu thereof.

The facts in this case have been fairly and fully set out in the former opinion to which reference is hereby made for a further consideration thereof.

Briefly stated, the case involves an appeal from an award of damages in a condemnation proceeding commenced by the Iowa State Highway Commission. The Highway Commission was not satisfied with the award of the sheriff's jury, and appealed to the district court of Jasper county. The trial in that court resulted in a verdict of $7,250 in favor of plaintiffs, and is the subject of this and the former appeal herein.

I. It is contended that the trial court erred in not limiting the jury to a consideration of the elements of damage specifically alleged in the pleadings as the measure of damages, and that an instruction to that effect was required by the provisions of section 7841-c1 of the Code of 1935.

This section provides as follows:

"Pleadings on appeal. A written petition shall be filed by the plaintiff on or before the first day of the term to which the appeal is taken, stating specifically the items of damage and the amount thereof. The defendant shall file a written answer to plaintiff's petition, or such other pleadings as may be proper."

It must be remembered that in original condemnation proceedings no formal pleadings are required, but after an award is made, either party feeling aggrieved thereby may appeal to the district court, and this section simply provides for written pleadings on such appeal. We have heretofore held that this rule does not change the measure of damages existing prior to the adoption of this statute.

As stated in the original opinion, 265 N. W. 899, loc. cit. 906:

"This language does not mean the amount of each specific item, but simply the total amount of the damages claimed by the plaintiff. Notwithstanding this section, the ultimate question in all these cases must be: What was the value of the farm as a whole immediately before the * * * condemnation and what was the value thereafter? It certainly was not intended by the enactment of this section that the petition provided for should plead as separate issues each element of damage or depreciation claimed. The only issue ultimately to be determined is the value of the entire property before and its value after the condemnation."

The court correctly stated the rule on measure of damages in

several different instructions, as being the difference between the reasonable value of the farm immediately before the condemnation and immediately thereafter. This is the well settled rule of law in this State as announced by numerous decisions prior to the adoption of section 7841-c1. Ranck v. City of Cedar Rapids, 134 Iowa 563, 111 N. W. 1027; Watters v. Platt, 184 Iowa 203, 168 N. W. 808; Gregory v. Kirkman Ind. Sch. Dist., 193 Iowa 579, 187 N. W. 553; Des Moines W. W. Laundry v. City of Des Moines, 197 Iowa 1082, 198 N. W. 486, 34 A. L. R. 1517.

In all of these cases evidence tending to show specific items of damage to the property condemned is held admissible as bearing upon the question of the value of the property immediately before and immediately after the condemnation, and all evidence of such damage is properly considered by the jury in arriving at the measure of damages, and not for the purpose of creating an issue as to each specific item of damage pleaded or proven.

In Ranck v. City of Cedar Rapids, 134 Iowa 563, loc. cit. 565, 111 N. W. 1027, 1028, this court said:

"Generally speaking, the true rule seems to be to permit the proof of all the varied elements of value; that is, all the facts which the owner would properly and naturally press upon the attention of a buyer to whom he is negotiating a sale and all other facts which would naturally influence a person of ordinary prudence desiring to purchase. * * * In this estimation the owner is entitled to have the jury informed of all the capabilities of the property, as to the business or use, if any, to which it has been devoted, and of any and every use to which it may reasonably be adapted or applied."

This has also been declared to be the rule after the adoption of section 7841-c1. Dean v. State, 211 Iowa 143, 233 N. W. 36; Welton v. Iowa State Highway Commission, 211 Iowa 625, 233 N. W. 876; Randell v. Iowa State Highway Commission, 214 Iowa 1, 241 N. W. 685.

This rule is adhered to in Randell v. Iowa State Highway Commission, 214 Iowa 1, 241 N. W. 685. The effect of section 7841-c1 is not to make each specific item of damage alleged a separate issue, the sum total of which is to make up the amount of damage to be awarded.

As stated in the former opinion, 265 N. W. 899, loc. cit. 906, "it certainly was not intended by the enactment of this section

that the petition * * * should plead as separate issues each element of damage or depreciation claimed. The only issue ultimately to be determined is the value of the entire property before and its value after the condemnation and appropriation.''

In Randell v. Iowa State Highway Commission, 214 Iowa 1, loc. cit. 9, 11, 241 N. W. 685, 689, decided after the adoption of section 7841-c1, and in which that section was considered, this court said:

''Generally speaking, the appellee would be entitled to damages under the condemnation in an amount measured by 'the difference between the value of the whole property from which the condemned property is taken at the time of the taking and the value of the whole property from which it is taken after the taking is complete.' Watters v. Platt, 184 Iowa 203, 208, 168 N. W. 808, 810. * * *

''So, in the case at bar, it was proper for the appellees to introduce evidence indicating the necessity for the removal and replacement of the fence. Such fact has a direct bearing on the value of the farm immediately before and immediately after the condemnation. The cost of removing and replacing the fence had a materiality and relevancy to the final question to be determined by the jury. First, this evidence indicated that the damages to the land were substantial, as distinguished from mere nominal; and, second, the evidence was useful to explain, support, or deny 'the estimates made of the value of the property as it stands.' * * * While such cost of removing and replacing the fence might not be the damage to the land, yet evidence of said cost is admissible for the purposes * * *: First, to indicate, if it does, that the damages to the land were substantial, as distinguished from nominal; and, second, to assist, if it will, in explaining, supporting, or denying the estimates made of the value of the property by other witnesses. Although the testimony is thus admissible, caution must be taken by the trial court to properly instruct the jury upon the subject. * * * the aforesaid cost is not to be added to the damages otherwise found to exist by the jury, and the fact-finding body should be so instructed.''

The court in this case also cites with approval the case of Ranck v. City of Cedar Rapids, 134 Iowa 563, 111 N. W. 1027, hereinabove referred to.

This rule was also reaffirmed after the adoption of section

7841-c1 in Welton v. Iowa State Highway Commission, 211 Iowa 625, loc. cit. 638, 233 N. W. 876, 884, where this court said:

"There is but one issue in this case, and that involves the difference in the reasonable market value between the plaintiff's farm, taken as a whole, immediately before and immediately after the condemnation proceedings."

In view of the rule given by the court on the measure of damages in its instructions as a whole, we find no error in the court's failure to limit the jury to the specific elements of damage pleaded.

■■■ II. Appellants also contend that the court erred in giving instruction No. 4, in which the court said:

"The real right of which the property owner is deprived in the exercise of eminent domain and for which under our constitution he is entitled to be compensated, is the right of remaining in the undisturbed possession and enjoyment of his property."

Of course, this instruction is merely preliminary to later instructions given on the measure of damages. We have carefully examined the instructions on the measure of damages as referred to in the preceding division of this opinion, and find from such examination that the court correctly instructed the jury on the measure of damages, which is the difference between the reasonable market value of the property immediately before the condemnation proceedings were had and immediately thereafter.

The instruction complained of, while it might better have been omitted, is simply an abbreviated definition of the term "eminent domain", which means that a person cannot be deprived of his property for public purposes without just compensation. While we do not commend this instruction, we are satisfied that no prejudice resulted therefrom in this case, when considered in connection with the other instructions given on the measure of damages. We find no reversible error therein.

■■■ III. Appellants also contend that the court erred in admitting the testimony of the witness, Joe Stratton, as to the sale price of other farms in a nearby community shortly prior to the condemnation of the land in question. These witnesses testified over proper objection as to the sale price of such other lands. The rule with reference to the admissibility of this kind of testimony seems to have been in some conflict until the deci-

sion in the case of Watkins v. Wabash Railroad Co., 137 Iowa 441, 113 N. W. 924. In that case many authorities upon this question were reviewed and a further discussion of the reasons of the rule there announced is deemed unnecessary here.

In that case this court said, loc. cit. 442:

"It is to be conceded that under some circumstances testimony of this kind is admissible to show the knowledge of the witness and his competency to speak as an expert upon the subject concerning which he is being examined. This is especially true where the witness has assumed to express an opinion, and is being cross-examined for the purpose of testing the weight and value of his testimony. King v. Railroad Co., 34 Iowa 458; Winkelmans v. Railroad Co., 62 Iowa 11, 17 N. W. 82; Cummins v. Railroad Co., 63 Iowa 397, 19 N. W. 268; Hollingsworth v. Railroad Co., 63 Iowa 443, 19 N. W. 325. But the practically universal rule is to the effect that such testimony is not admissible as substantive evidence of the value of the property which is the subject of the controversy. That the offer of the testimony * * * was not intended simply to show the qualification of the witness to give an opinion of the value of plaintiff's land can hardly be disputed from the record * * *. The witness had already shown his qualification by testifying to his ownership of land in that vicinity, and to his familiarity with land values in the neighborhood. Having thus shown his qualification, he had been allowed to give his testimony without objection. Thereafter, and apparently for no other reason than to corroborate his estimate and give it additional strength and influence with the jury, he was allowed to state that * * * after the condemnation proceedings * * * he had sold his own land at $60 per acre. In this we think there was prejudicial error."

A similar situation existed in this case. The witness had already testified as to the reasonable value of the land in question before and after the condemnation proceedings were had. After so testifying he was recalled for no other apparent reason than to corroborate his former testimony, and was permitted to testify as to the price received for his own land, sold shortly prior thereto.

The rule announced in Watkins v. Railroad Co., 137 Iowa 441, 113 N. W. 924, was adhered to in Hubbell v. City of Des Moines, 166 Iowa 581, 147 N. W. 908, Ann. Cas. 1916E, 592,

and is the rule adopted in many other jurisdictions, including Pennsylvania and New York.

In Hubbell v. City of Des Moines, 166 Iowa 581, loc. cit. 593, 147 N. W. 908, 912, Ann. Cas. 1916E, 592, this court said:

"It is sufficient to say that we have, after a full discussion of the matter and a review of the authorities, adopted the Pennsylvania and New York rule in Watkins v. Railroad Co., 137 Iowa 441, 113 N. W. 924. This is conceded by counsel for appellants; but they insist that the rule is wrong, and should now be abandoned before any more damage is done. We are not so convinced by the argument of the unsoundness of this rule that we feel justified in abandoning it in so short a time after its adoption, if at any time. There is much to be said in favor of either rule, and the important point is to have it settled so that all may understand it in the future, and not be subject to the hazards of a change in each and every case where it may arise in the future. * * * It will thus be observed that it was believed essential in the Watkins case to settle the rule. If we were now to change, no one can tell what the rule may be in the future. It might depend upon the personnel of the bench, or upon a change of view of a majority of the judges, and could not be said to be finally settled."

The rule announced in Watkins v. Railroad Co., 137 Iowa 441, 113 N. W. 924, was reconfirmed in Hubbell v. City of Des Moines, 166 Iowa 581, 147 N. W. 908, Ann. Cas. 1916E, 592, and has existed ever since. This rule has support in City of Los Angeles v. Pederson, (Cal. App.) 255 Pac. 889; Peirson v. Boston, etc., Ry. Co., 191 Mass. 223, 77 N. E. 769, loc. cit. 773; 1 Wigmore on Evidence (2d Ed.) 853, 854; I Iowa Law Bulletin, 47.

We are satisfied with the rule as announced in the cases hereinabove referred to, and are, therefore, constrained to hold that there was prejudicial error in admitting the testimony complained of.

IV. It is also contended that the court erred in permitting appellees to introduce evidence covering insurance on buildings upon the farm, but not on the property taken. It is claimed that the amount of insurance on property is not direct or substantive evidence of its value.

The record shows that appellee Maxwell was permitted to

testify over proper objections that he carried over $8,000 insurance on improvements on the farm. Appellants contend that this was substantive evidence and offered for the purpose of showing the value of the property condemned.

As the court fully instructed the jury that the measure of damages in this case was the difference between the value of the farm immediately before the condemnation proceedings and its value immediately thereafter, appellees contend that the evidence of insurance was not prejudicial. It may be that such evidence was not prejudicial under the record in this case because no instruction was given by the court as to the effect or bearing of this evidence on the case. The evidence, however, was offered in chief and not on cross-examination, and may have influenced the jury in arriving at the large verdict returned in this case.

"The amount of insurance placed on a building furnishes no direct evidence of its value." 22 Corpus Juris, 182, sec. 131; Holmes v. Rivers, 145 Iowa 702, 124 N. W. 801; Union Pac. R. Co. v. Lucas, (C. C. A.) 136 Fed. 374. But where it might indicate an estimate of the value, inconsistent with that given by the witness, the amount of insurance might be elicited on cross-examination for impeachment purposes. 22 Corpus Juris, 182, sec. 131.

In Holmes v. Rivers, 145 Iowa 702, loc. cit. 707, this court said:

"The amount of insurance on a building furnishes no direct evidence of its value. Union Pac. R. Co. v. Lucas, [C. C. A.] 136 Fed. 374. * * * But the issuance of insurance policies by an agent or the allowance of additional concurrent insurance by him may indicate an estimate of value such as is inconsistent with that expressed on the witness stand, and, if so, such facts may be elicited for impeachment purposes."

It often happens that buildings are overinsured, and often underinsured. It necessarily follows that evidence of the amount of insurance carried thereon is not substantive evidence of its value, and furnishes no direct evidence thereof. This evidence was offered as substantive evidence tending to show the value of the property condemned. We think its admission constituted prejudicial error.

V. Appellants also contend that a verdict of $7,250 for the

168

land condemned was excessive, and that the motion for a new trial on this ground should have been sustained.

We recognize the general rule that where the evidence is conflicting upon a matter for the determination of the jury, this court hesitates to interfere with the discretion of the lower court in refusing a new trial. As the record shows that the land appropriated in the condemnation proceedings amounted to about 10½ acres, the verdict allowed may or may not have been excessive. As a new trial, however, is necessary for the reasons expressed in the preceding part of this opinion, a consideration of this question is deemed unnecessary.

Other errors are alleged, but we find no merit therein. As no other questions are presented in the petition for rehearing, we deem a further consideration of them unnecessary.

For the reasons hereinabove expressed, it necessarily follows that the judgment of the lower court must be and is hereby reversed.—Reversed.

RICHARDS, C. J., and ANDERSON, DONEGAN, PARSONS, HAMILTON, STIGER, and SAGER, JJ., concur.