NANNO C. KELLEY *vs.* CITY OF BOSTON.

Norfolk. January 18, 19, 1909. — February 24, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Practice, Civil,* Judge's charge, Conduct of trial, New trial. *Evidence. Witness.*

Although it is a violation of R. L. c. 173, § 80, for a trial judge to charge a jury in respect to matters of fact, he may state to them the testimony and the law which is applicable to the testimony.

At the trial of an action by a woman against a city to recover for personal injuries alleged to have been due to a defect in a sidewalk within the lines of a street of the defendant and in front of a certain building, the location of the lines of the street was not in dispute, but there was conflicting evidence as to whether the alleged defect was or was not within those lines. A member of the street department of the defendant, called by the plaintiff, testified that repairs were made in the sidewalk in front of the building in question four days before the alleged accident, and in cross-examination stated without objection that no other repairs were made there until twenty days after the accident. Subject to an exception by the plaintiff, the defendant was allowed to introduce testimony of employees of the street department tending to show that the repairs made twenty days after the accident were of a hole outside the lines of the street, and that the repairing was done at the request of the plaintiff, who had stated that a woman had been hurt there a few days before but not that the woman was herself. Other witnesses for the defendant testified that the plaintiff had pointed out as the defect which caused her injury a defect outside of the lines of the street and corresponding to the description of the place repaired twenty days after the accident. *Held,* that the evidence admitted was relevant and competent.

When in the course of a trial the defendant introduces evidence that the plaintiff had made statements tending to show that the testimony of the plaintiff at the trial was false, and the presiding judge orders the sheriff to retain the plaintiff

in custody, without removing him from the court room, to answer to a charge of perjury, and the plaintiff fails to take the stand to contradict the testimony referred to, such failure is competent evidence for the jury to consider on the question whether the plaintiff made the statements, since his being in the custody of the sheriff did not prevent him from testifying.

The mere fact that, during a trial and after the plaintiff has testified, and while the jury are in the court room, the plaintiff is put under arrest to answer to a charge of perjury with regard to testimony given by him at the trial, is not a legal ground for a new trial, where it does not appear that the jury had any knowledge of the arrest or of its cause.

While the facts, that jurymen suspected from certain things which they observed during the course of a trial that the plaintiff had been put under arrest to answer to a charge of perjury with regard to testimony given by him at the trial, and that the presiding judge had ordered the sheriff to retain the plaintiff in custody to answer to such a charge, might be a ground upon which the presiding judge in the exercise of his discretion might grant a new trial, there is no rule of law compelling him so to exercise his discretion.

TORT for injuries alleged to have been received on July 22, 1906, by reason of a defect in a sidewalk in front of the building numbered 129 on West Concord Street in Boston. Writ in the Superior Court for the county of Norfolk dated January 30, 1907.

The case was tried before *King*, J. The main point in issue was whether the defect which was alleged to have caused the plaintiff's injury was within the limits of the highway.

It appeared that the line of the highway ran about twenty-six and a half inches from the wall of the building and two and a half inches outside of a grating in front of the building. Evidence for the plaintiff tended to show that the defect was somewhere between twenty-seven and thirty-six inches from the building; that of the defendant tended to show that the defect was about six or eight inches from the building and not within the limits of the highway.

The testimony referred to in the second paragraph of the opinion was admitted subject to the plaintiff's exception. The plaintiff had called a member of the street department of the defendant who had testified that repairs had been made in the sidewalk in front of the building in question on July 18, 1906, and that no other repairs had been made at that point before the date of the accident, July 22. On cross-examination, without objection, he was allowed to state that repairs had been made in front of the building in question on August 11, 1906, by one O'Connor. O'Connor and his helper, testifying for the de-

fendant and subject to objections and exceptions by the plaintiff, testified that while they were repairing for the defendant the sidewalk in front of a neighboring building on August 11, 1906, the plaintiff called to them and asked them to repair a hole outside of the limits of the highway and six or eight inches from the building where she was, stating that a woman had been hurt there a few days before but not stating that the woman was herself; and that the helper thereupon repaired the hole pointed out to him by the plaintiff. Police officers, testifying for the defendant, stated that, on investigating the alleged- defect, which was pointed out by the plaintiff, they discovered that it was off the line of the highway and called that fact to her attention, whereupon she stated that she "did not know that was the case; that she was sweeping there and they gave way under her feet," that "somebody ought to pay for her injuries."

In his charge to the jury the presiding judge reviewed the testimony in detail, and stated the law elaborately; but he repeatedly urged upon the jury in substance, and at one time stated in terms, that "it is absolutely of no importance to you what the court thinks of the facts, or what counsel think of the facts, but it is vital what you think of the facts."

One portion of the charge, to which the plaintiff excepted, was as follows: "You may say, if you see fit, that you do not believe this or that person, if you are satisfied that they do not tell the truth. It is a principle of law that says false in one thing, false in others. If you find a person deliberately testifying to that which in your opinion is not true, you have the right to ignore all the testimony of that person because it is unreliable. That is a perfectly well settled question. You may ignore that if you think it does not apply, and you may apply it if you think it does apply."

Other facts are stated in the opinion.

There was a verdict for the defendant; and the plaintiff alleged exceptions.

*T. Mannix*, for the plaintiff.

*P. Nichols*, for the defendant.

KNOWLTON, C. J. The first exception argued is that the judge charged the jury on the facts, in violation of R. L. c. 173, § 80. The statement of the principles of law applicable to the

evidence was plainly correct. The statement of the evidence, in connection with the rules of law, was also in accordance with the practice of the courts and the purpose of the Legislature in framing the statute referred to. While a judge may not charge juries in respect to matters of fact, he may state the testimony and the law. This exception must be overruled. *Whitney* v. *Wellesley & Boston Street Railway,* 197 Mass. 495, and cases cited. *Plummer* v. *Boston Elevated Railway,* 198 Mass. 499, 514.

The testimony relating to repairs made on August 11, 1906, was rightly admitted. There was testimony tending to show that the repairs then made were of the alleged defect referred to by the plaintiff as the cause of her injury. Although there was other testimony that the place of the accident had been repaired earlier, the evidence admitted without objection that the repairs then made were the first shown by the records to have been made at that place after the day of the accident, and the testimony of what the plaintiff said, speaking from her window while these repairs were being made, rendered the evidence competent.

The fact that the plaintiff did not take the stand to contradict important testimony from another witness, of what she had said, which tended to show that her claim was unfounded, was competent for the consideration of the jury. Although the sheriff had been ordered by the judge to retain her in custody to answer to a charge of perjury, there was nothing to interfere with the conduct of the trial, or to prevent her taking the witness stand to testify, either upon her own suggestion or that of her counsel.

Upon a motion for a new trial the plaintiff's counsel made two requests for rulings, as follows: " 1st. If the plaintiff, after testifying, was arrested in court during the trial of her case, and the jury noticed some of the acts connected with her arrest, and the jury were thereby made suspicious that the plaintiff was arrested for perjury, this is a legal ground for granting a new trial as a matter of law.

" 2nd. The arrest of a plaintiff for perjury after giving her testimony, during a trial while the jury were in the court room, is an act tending to discredit the testimony of such a witness, and an act tending to prejudice the jury against any evi-

dence given by said witness and is a legal ground for a new trial."

There was nothing to show that the jury had any knowledge of the arrest referred to. Although they were in the court room at the time, it was not made within their hearing, and, at a recess taken soon afterwards, the presiding judge cautioned all persons present not to mention the arrest to any of the jurymen. The affidavit of the two jurymen went no further than to say that, from certain circumstances noticed by them, they were suspicious that the plaintiff was to be held for perjury.

The last request could not be given. It stated a proposition of law founded on a fact of which the jury might have had no knowledge.

We interpret the words in the first request, " this is a legal ground for granting a new trial as a matter of law," to mean that the conditions referred to called for a new trial as a matter of law. This was plainly wrong. The mere fact that the jury noticed some acts that made them suspicious that there might have been an arrest would not make it the duty of the judge to set aside a verdict which appeared to be right, and not to have been induced by the acts referred to. Of course such acts, causing suspicion of such an arrest in the minds of a jury, properly might be made a ground for setting aside a verdict in the discretion of the judge, if he thought they had an influence upon the jury.

These requests for rulings were rightly refused.

*Exceptions overruled.*