DIVINA BRIEN *vs.* HOLYOKE STREET RAILWAY COMPANY.
EUGENE BRIEN *vs.* SAME.

Hampden.    September 23, 1926. — November 23, 1926.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Practice, Civil,* New trial.

At the trial of an action of tort by a woman against a street railway company for personal injuries alleged to have resulted when the plaintiff was thrown from a car of the defendant by its sudden starting as she was alighting, the plaintiff testified that a man, whom she described, was sitting at the end of the seat upon which she had been sitting, that she went past him to reach the running board; and that she had tried to find him.   Counsel for the defendant, during the trial, learned of the identity of the man and that he was in another State, telephoned him, was informed by him that he had been interviewed by the plaintiff, whom he had told that he remembered nothing of the circumstances in such an accident as she described and that, if anything befell her, there was not sufficient out of the ordinary about the incident to make any impression on him; and that he refused to attend the trial.   The defendant did not state these facts to the trial judge when he cross-examined the plaintiff with regard thereto, but, after the verdict, the defendant sought a new trial on the ground that such evidence was newly discovered.   *Held,* that

(1) It was proper for the judge to refuse to rule that the evidence was newly discovered;

(2) The evidence urged as newly discovered was in the main cumulative in nature;

(3) It was proper for the judge to refuse a ruling that the affidavit "contains facts constituting new evidence sufficient as a matter of law to warrant setting aside the verdict"; and to deny the motion for a new trial.

TWO ACTIONS OF TORT, the first for personal injuries, and the second by the husband of the plaintiff in the first action for consequential damages. Writs dated June 8, 1923, and July 19, 1923.

In the Superior Court, the actions were tried together before *Broadhurst,* J. There were verdicts for the plaintiffs, in the first action in the sum of $7,000 and in the second action in the sum of $250. The defendant filed motions for a new trial on the ground of newly discovered evidence. At the hearing on the motion, the defendant asked, among others, for the ruling described in the opinion. The ruling was refused, the motions were denied, and the defendant alleged exceptions.

*D. H. Keedy,* for the defendant.

*R. P. Stapleton,* (*J. D. Ross* with him,) for the plaintiffs.

RUGG, C.J. There was evidence tending to show that the female plaintiff, hereafter called the plaintiff, was injured by the untimely starting upon signal from the conductor of a car of the defendant upon which she was a passenger while she was in the act of stepping from the running board to the ground, whereby she was swung around against the running board, and that she screamed. There was also evidence to the contrary tending to show that the plaintiff had alighted from the car and was standing on the ground attempting to get one or more bundles from the car, when it started, and that she made no outcry and walked away without appearance of having been hurt. The plaintiff testified that a man, whom she described, was sitting at the end of the seat and that she went past him to reach the running board and that she had tried to find him. The motion for a new trial was based on the affidavit of Fred W. Hastings, at that time a resident of Pennsylvania but

at the time of the accident living in South Hadley in this Commonwealth, where the accident was alleged to have occurred. The substance of his affidavit was that, while he was visiting in South Hadley on May 10, 1925, a woman answering in description to the plaintiff and who gave the name of the plaintiff called on him and said that she was positive that he was on the street car that hurt her as she was getting off, and that he told her that she must be mistaken and that he had no memory of such an occurrence, and that no such accident as was described by her happened on any car on which he was a passenger and that, if anything befell her, there was not sufficient out of the ordinary about the incident to make any impression on him. Two accompanying affidavits were presented by attorneys associated with the attorney who tried the case for the defendant, to the effect that on the afternoon of May 14, while the case was on trial and the day before it was finished, they learned that Hastings was the man claimed by the plaintiff to have been on the seat with her immediately before the accident, and that one of them talked with him in Philadelphia over the telephone and learned from him the facts stated in his affidavit, and that he refused to come to Massachusetts to testify at the trial then going on. These facts were not at that time called to the attention of the trial judge, nor at any time until the affidavits were filed on June 20, 1925, accompanying motions for a new trial on the ground of newly discovered evidence. The only exception now urged is that to the refusal of the judge to rule that the affidavit of Hastings "contains facts constituting new evidence sufficient as a matter of law to warrant setting aside the verdict."

There was no error of law in the denial of this request. The evidence set forth in the affidavit was not newly discovered in the true sense. It was evidence of which the defendant had full information while the trial was in progress and apparently before the introduction of evidence had concluded. The defendant did not then call the facts to the attention of the judge, nor ask for a continuance in order to secure a deposition. It does not appear that the plaintiff

was cross-examined with reference to these facts. Moreover, the facts stated in the affidavit, while differing perhaps in some minor details, were in the main cumulative in nature. There is no error of law in refusing the requested ruling or in denying the motions. The disposition of motions for a new trial rests in the sound discretion of the trial judge. *Plymouth* v. *Russell Mills*, 7 Allen, 438. *Berggren* v. *Mutual Life Ins. Co. of New York*, 231 Mass. 173, 177. *Davis* v. *Boston Elevated Railway*, 235 Mass. 482, 495–497. *Ryan* v. *Hickey*, 240 Mass. 46, 47. *Matter of Sleeper*, 251 Mass. 6, 22.

*Exceptions overruled.*