CATHERINE GAUVREAU vs. GULF REFINING COMPANY.

ERNESTINE GAUVREAU vs. SAME.

Berkshire.   September 18, 1934. — September 28, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Negligence*, Gasoline pump.   *Practice, Civil*, Exceptions: whether error harmful.   *Evidence*, Admission.

An exception by the plaintiff to the admission of certain evidence at the trial of an action could not be sustained where it appeared from the record that the trial judge, without exception by the plaintiff, submitted to the jury only a single issue, with respect to which such evidence could not have been harmful to the plaintiff.

At the trial of an action for the pollution of a well and consequent personal injuries, alleged to have resulted from negligence of the defendant in installing equipment for the sale of gasoline, it was proper to instruct the jury that the replacement by the defendant of a leaky pipe running from a tank to a pump, after the pollution of the well had become known, would not of itself be an admission of liability for negligent installation.

TWO ACTIONS OF TORT.   Writs in the District Court of Central Berkshire dated February 29, 1932.

Upon removal to the Superior Court, the actions were tried together before *W. A. Burns*, J.   There was a verdict for the defendant in each action.   The plaintiffs alleged exceptions.

*J. M. Rosenthal*, (*L. F. Lyons* with him,) for the plaintiffs.

*C. Fairhurst*, for the defendant.

LUMMUS, J.   Catherine Gauvreau owned a house and land where she lived with her husband and daughter.   Her husband, wishing to sell gasoline, entered into a written contract with the defendant under which, in April, 1931, the defendant installed upon the land pumps and tanks, the title to which remained in the defendant but the maintenance of which, according to the contract, was to be at the cost and risk of the husband.   Catherine Gauvreau declares in tort for the pollution of a well on her land by poisonous matter contained in gasoline which leaked into the well,

and for consequent injury to her health. Her daughter declares in tort for a similar injury to health.

At the trial, the contract between the husband and the defendant was admitted in evidence, subject to exception by the plaintiffs, for the purpose of showing that the husband, and not the defendant, had the control of the apparatus and the duty to maintain it. The judge did not take the point that the declarations alleged only negligent installation in April, 1931, and not negligent maintenance afterwards. The mere presence of the contract in the evidence did the plaintiffs no substantial harm. Its effect upon their rights and the defendant's duty was the important thing. The real harm was done them when the judge later instructed the jury that recovery could be had only for negligent installation, and that the contract prevented recovery against the defendant for negligent maintenance. The plaintiffs failed to except to that vital instruction. The issue of negligent installation, by the unchallenged ruling of the judge, became the sole issue as to liability for submission to the jury. That issue was determined against the plaintiffs. The evidence, to the admission of which they had earlier excepted, could not have harmed them on that issue. The original papers in *Peirson* v. *Boston Elevated Railway*, 191 Mass. 223, 234, show a situation not comparable to this.

Their only other exception is to the instruction that the replacement by the defendant of a leaky pipe running from a tank to a pump, after the pollution of the well had become known, would not of itself be an admission of liability. The reason for the replacement may well have been business expediency, or desire to prevent further harm, rather than consciousness that the installation had been negligent. The fact had no legitimate bearing upon the only issue as to liability submitted to the jury, and the instruction was correct. *Shinners* v. *Proprietors of Locks & Canals*, 154 Mass. 168. *Morrow* v. *Otis*, 251 Mass. 65, 68. *Knowles* v. *Great Atlantic & Pacific Tea Co.* 287 Mass. 400, 403. *Columbia & Puget Sound Railroad* v. *Hawthorne*, 144 U. S. 202.

*Exceptions overruled.*