JOSEPH A. JASUIKIEWICZ *vs.* JOHN W. WRIGHT.

JOSEPH F. JASUIKIEWICZ *vs.* SAME.

Hampden.     September 18, 1934. — October 4, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Practice, Civil*, New trial, Requests, rulings and instructions.

There was no error in the refusal by a trial judge, at the hearing of a motion by the plaintiff for a new trial of an action of tort for personal injuries in which there had been a verdict for the defendant, to pass upon a request for a ruling that certain affidavits presented in support of the motion contained "facts constituting new evidence sufficient as a matter of law to warrant setting aside the verdict," where it appeared that the affidavits related to testimony of a witness, who had testified for the plaintiff at the trial and whose testimony had been cast in doubt by other evidence, that he was present at four o'clock in the afternoon of a certain day in September and saw the accident in which the plaintiff was injured, and that the affidavits were, by one affiant merely to the effect that on the morning of the day of the accident that witness was in the city where it occurred, and by another affiant merely that the witness had come to the affiant's place of business in that city frequently in the fall of the year of the accident, but without specification of any date: such evidence would not justify the granting of a new trial, and the plaintiff was not harmed by the refusal of the judge to pass upon the request.

TWO ACTIONS OF TORT. Writs dated July 1, 1930.

In the Superior Court, the actions were tried together before *W. A. Burns*, J. Material evidence is described in the opinion. There were verdicts for the defendant.

Motions for a new trial, affidavits in support thereof, and a ruling requested by each plaintiff which the judge, subject to exceptions by the plaintiffs, declined to pass upon, are described in the opinion. The witness Walulik, named in the opinion, testified for the plaintiffs at the trial.

The case was submitted on briefs.

*R. P. Stapleton*, for the plaintiffs.

*J. D. Ross & R. J. Dunn*, for the defendant.

RUGG, C.J. These cases were tried to a jury and resulted in verdicts for the defendant. The main cause of action was founded on personal injuries received at about four o'clock in the afternoon of September 25, 1929, when the minor plaintiff, while returning from school, was struck by an automobile driven by the defendant. At the trial one Walulik testified that he was present in Holyoke and saw the accident; that, leaving at five minutes past four o'clock on that afternoon, he went by street car through Springfield to Palmer, where he lived and worked. His time card showed that he punched the time clock at his place of employment in Palmer on that day at fifty minutes past four o'clock in the afternoon. There was other testimony to the effect that the street car which left Holyoke at five minutes past four o'clock in the afternoon of the day in question arrived in Springfield at forty minutes past four o'clock, and that street car service between Springfield and Palmer (the distance between which is fifteen miles) had been abandoned more than six months previous to the accident. Walulik was recalled and testified that he did not take a street car from Springfield to Palmer, that there was no bus service, and that he took an automobile. Besides that of Walulik, there was other testimony offered in behalf of the plaintiffs by an alleged eyewitness as to how the accident happened. Each plaintiff filed a motion for a new trial on the ground of newly discovered evidence, supported by affidavits of two persons. One of these was to the effect that the affiant received a call in Holyoke from the witness Walulik on the morning of the day of the accident. The other affidavit was to the effect that Walulik came to the affiant's place in Holyoke

frequently in the fall of 1929, but no date could be specified. The plaintiffs requested rulings of law that each of these affidavits contained "facts constituting new evidence sufficient as a matter of law to warrant setting aside the verdict." The trial judge denied the motions for a new trial and declined to pass upon the requests for rulings. The only exception is to the declination to pass upon the requests for rulings.

The facts set out in the second affidavit were too indefinite and remote from the issues to merit serious consideration.

The request for ruling as applied to the other affidavit is equivocal. If it be treated as meaning that the facts therein stated required a new trial as matter of law, such a ruling could not rightly have been made. *Kelley* v. *Boston,* 201 Mass. 86, 90. If, however, the request be interpreted as meaning that the facts stated in the affidavit, if found to be true or reliable, would as matter of law justify granting a new trial, no error is shown. The plaintiffs are in no better position than they would be if the requests had been denied. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 17. *Plimpton* v. *New York, New Haven & Hartford Railroad,* 221 Mass. 548, 551. The vital point was whether Walulik was present at the accident at about four o'clock in the afternoon, not whether he was in Holyoke in the forenoon of that day. The proposed evidence was unrelated to the main issue. It was not in any respect decisive even if given full credence. It would not justify the granting of a new trial. See *Brien* v. *Holyoke Street Railway,* 257 Mass. 443.

In each case the entry may be

*Exceptions overruled.*