Wilson, J.
This is an action of tort in which the plaintiff seeks to recover for injuries sustained by falling on the cellar stairway of a two-tenement house, owned by the defendants, and used in common by the tenants.
*457 The court made the following findings and rulings:
“FINDINGS AND RULINGS”
‘ ‘ The plaintiff is the wife of Robert L. Cameron, who was a tenant at will occupying with her the lower tenement in the defendants’ two-tenement house at No. 11 Burnside Avenue, West Somerville, Mass. The upper tenement in said house was occupied by another tenant at will, Donald H. McKenzie, and his wife. There was a common stairway used by both tenants leading to the cellar. Both Cameron and McKenzie became tenants at will about May 1, 1935.
“On November 30, 1935, the plaintiff, while descending the cellar stairway, fell and received the injuries for which she brings this suit. She claims that there was a defect in the stairs consisting of a crack which permitted one of the treads to ‘teeter’ and that the teetering of the tread caused her to fall.
“I find that the stairway was in the same condition at the time the plaintiff fell as it was at the time her husband became a tenant at will and that neither of the tenants had ever reported to the defendants any defect therein.
“I find that in the absence of such notice there was no duty on the part of the defendants under the terms of the letting to make any inspection of the stairway and that they did not make any such inspection.
“I find that there had been no repairs made on such stairway up to the time of the trial and that both tenants still occupy the house.
“I find that there was no negligence on the part of the defendants and, therefore,
I find for the defendants.”
“Neither party made any requests for rulings of Law. ’ ’
The plaintiff seasonably filed eighteen requests for rulings, the first of which contained seven sub-divisions, making in all twenty-five.
In Hietala v. Boston and Albany Railroad Company, Mass. Adv. Sh. (1936) 1591, 1599, where a large number of *458 requests were filed and exception taken to the refusal of them by the trial court, the court made this comment:
“When so many requests are filed, in a case like the present, a party may expect adequate consideration of them, but not detailed discussion in an opinion.”
It appears from the report that the trial court overlooked the requests and in his findings and rulings, filed by him in deciding the case, erroneously stated that none had been filed. When the error was called to his attention, the trial court filed a “Disposition of Bequests for Bulings ’ ’ in which he passed upon said requests.
Good practice requires that a prompt and accurate record of the filing of requests for rulings be made so that the rights of the parties may be properly safeguarded.
The plaintiff’s requests for rulings were as follows:
1. Upon all the evidence the plaintiff is entitled to recover in this action for the reasons set forth below:
(a) The defendants were the owners and in control of the cellar stairway upon which the plaintiff met with her accident.
(b) The defendants owed the plaintiff the duty to exercise reasonable care in maintaining said cellar stairway in such condition that it was in or appeared to be in at the time of the commencement of the tenancy, to wit, May 1,1935.
(c) A change amounting to a defect had taken place in such cellar stairway sometime after May 1, 1935, and prior to the date of the accident.
(d) Such defect had existed for a sufficient length of time for the defendants to have discovered and remedied the defect.
(e) The defendants failed to discover and remedy said defect prior to November 30, 1935, the date of the accident.
(f) Such defect caused the plaintiff to fall and sustain the injuries of which she complains.
(g) The plaintiff was at all times in the exercise of due care.
*459 2. A landlord is bound to use reasonable care to maintain tbe parts of the premises within his control in a condition as good as that in which they were in or appeared to be in at the time of the letting. Sordillo v. Fradkin, 282 Mass. 255.
3. It being admitted that the stairway in question was a common stairway at all times within the control of the defendants as owners and landlords, they were under a duty to the plaintiff, as the wife of one of the tenants, to use reasonable care to keep this common stairway as safe for its intended use as it was, or appeared to be, at the time of the letting.
4. “At the time of the letting” in the present case means at the time when the tenancy of the plaintiff’s husband comm enced, which was May 1,1935.
5. If the court finds that, at the time of the accident, the condition of the fourth step (which caused the plaintiff to fall) might fairly be described as follows:
This step is at the first left-hand turn of the stairway in downward descent, being the second of the two triangular steps at this turn. It is made up of several boards and is about 28% inches long at the point where it touches the stone wall, 38 inches long at the point where it meets the preceding riser and 27 inches long at the point it overhangs the riser upon which it is supported. The front portion of this step is a board trapezoidal in shape, having the following dimensions:

and overhangs the riser on which it is supported a distance of 1% inches. This board was originally held in place, in part, by 4 nails hammered through it, lengthwise, and into the top of the riser. Sometime before the accident a crack had developed in *460 this board along the line (approximately) of the top of the riser, starting at the wall end of the hoard 1% inches to l-% inches from the edge and passing through the first nail, which is l-% inches from the edge, which crack had developed to such an extent that at the time of the accident it extended in an irregular line for a length of approximately 19 inches, and had penetrated into the hoard to such an extent that the weight of an adult’s foot in descending the stairway, would cause this partially separated strip of wood, almost all of which overhung the riser, to tip forward, and to give the sensation of a “springy” or loose step.
it is warranted in finding as a fact that this condition constituted a defect.
. 6. If the court finds as a fact that the plaintiff’s husband had occasion to use the cellar stairway an average of 10 times a week from the time his tenancy commenced up until the time the plaintiff met with her accident, and the court further finds that it was not until about a few weeks prior to the accident that the plaintiff’s husband observed anything out of the way in the step which caused the plaintiff’s fall, the court would be warranted in finding that such condition did not exist when the tenancy commenced and that the change in the condition of the stairway amounting to a defect came into existence after the commencement of the tenancy.
7. The evidence in this case warrants the court in finding that a change amounting to a defect had taken place in a step of the cellar stairway after May 1,1935.
8. If the court finds that the condition which caused the injury constituted a defect and that this condition resulted from the failure of the defendants to exercise reasonable care in maintaining the premises in the condition in which they were in, or appeared to be in, at the time of the letting, the plaintiff is entitled to recover.
9. The defendants owed the plaintiff a duty to inspect the cellar stairway from time to time and keep it in such condition as it was in or appeared to. be in on May 1,1935.
*461 10. If the defect in question (if the court finds that there was a defect) existed for at least one week prior to the accident, the court is warranted in finding that in the exercise of reasonable care and diligence the defendants should have discovered the defect and remedied it.
11. The evidence in this case warrants the court in finding that the defect (if the condition constituted a defect) was in existence for a period of at least a week at the time of the accident.
12. If the court finds that the defect in the principal case (if there was a defect) had existed for a period of between five and six weeks, and not less than two or three weeks, prior to the accident, that is sufficient to justify a finding that the defendants were negligent.
13. The evidence in this case warrants the court in finding that the defect (if there was a defect) had existed for a period of between five and six weeks, and not less than two or three weeks, prior to the accident.
14. If the condition which caused the accident had existed for a sufficient length of time for the defendants to have discovered and repaired same, that would be sufficient to justify the court in arriving at the conclusion that the defendants were negligent in not maintaining the premises in such condition as they were in or purported to be in at the time of the letting.
15. If the court finds as a fact that the defendant Katherine Buckley Kamp had visited the premises in which the cellar stairway is located on or about November 1, 1935, and further finds as a fact that a step in said stairway was defective at that time which was not defective or appeared to be defective on May 1, 1935, then the court would be warranted in ruling that the failure on the part of the defendants to remedy such defect prior to November 30,1935, was a breach of their duty to the plaintiff for which the latter is entitled to recover in this action if her injuries resulted from said defect.
16. The evidence in this case warrants the court in finding that the defect in the step which caused the plaintiff’s fall was undoubtedly due to its age, use, and exposure which made its continued use increasingly dangerous with the lapse of time, and that such condition *462 could readily have been discovered by the defendants upon examination and repaired prior to November 30, 1935.
17. If the court finds that the condition which caused the accident constituted a defect which did not exist or appear to exist at the time of the letting, and if the court finds that in the exercise of reasonable care the defendants ought to have discovered the defect and remedied the condition which caused it, the plaintiff is entitled to recover in this action, if she was in the exercise of due care at the time of the accident.
18. There is sufficient evidence to warrant the court in finding for the plaintiff.
The trial judge disposed of said requests as follows:
“I give the second, third and fourth.
“I deny the first, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth and eighteenth as relating to questions of fact rather than law or to facts which I do not find; or as inapplicable in view of my findings that there had been no change in the condition or apparent condition of the cellar stairway between the time when the tenancy began and the time when the accident happened, no report of any defect or request for repairs and no negligence on the part of the defendants.”
The plaintiff argues that the trial judge did not act upon said requests before proceeding to decide the case and not having been passed upon they must be regarded by us as having been denied. John Hetherington & Sons, Ltd. v. Wm. Firth Co., 210 Mass. 8, 17. Jasuikiewicz v. Wright, 288 Mass. 63, 65. Kravetz v. Lepofsky, Mass. Adv. Sh. (1936) 761, 764. But the trial judge was not obliged to make findings of fact. Castano v. Leone, 278 Mass. 429, 430. Gordon v. Harris, Mass. Adv. Sh. (1935) 1301, 1305. Nicholas v. Lewis Furniture Co., Mass. Adv. Sh. (1935) 2581, 2587. Nor was he required to instruct himself by giving requests which became inconsistent with facts found, provided he found the facts with the clarity and definiteness; *463 necessary to demonstrate the correctness of the assertion. Commonwealth v. Hull, Mass. Adv. Sh. (1937) 15, 24, and see Mericantante v. Boston and Maine Railroad, Mass. Adv. Sh. (1935) 1613, 1614, 1615. Povey v. Colonial Beacon Oil Co., Mass Adv. Sh. (1936) 767, 773. Freeman v. Crowell & Thurlow, Inc., Mass. Adv. Sh. (1937) 307, 310.
In the instant case, as in Commonwealth v. Hull, supra, the record as to his original findings and rulings is sufficient to show what the judge had in mind.
It follows that the trial judge was- right in refusing requests numbered 1, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17 and 18. He found the stairway was in the same condition at the time of the accident that it was when the tenancy began.
That finding made said requests immaterial. Some of said rulings were also properly refused because based upon fragments of the evidence. Hicks v. New York, New Haven & Hartford Railroad, 164 Mass. 428. Liggett Drug Co., Inc. v. License Commissioners, Mass. Adv. Sh. (1936) 2127, 2138. See also Smith v. Import Co., 253 Mass. 368, 371.
The obligation of the defendant landlord was to keep the common stairway in the condition it appeared to be in at the time the contract of letting was entered into. Murray v. Lincoln, 277 Mass. 557, 559. Angevine v. Hewitson, 235 Mass. 126, 129.
The trial court, as we have said, found no change had taken place in the condition of the stairs since the tenancy began. That was an issue of fact for the trial court and his finding on such an issue will not be disturbed by this Division unless plainly wrong. We find no such plain and apparent error in the report before us.
The eighteenth request was also correctly refused. In Bresnick v. Heath, Mass. Adv. Sh. (1935) 2297, 2301, where there was a general finding, the court in discussing a similar request said:
*464 “The plaintiff was seeking a ruling that there was evidence sufficient to justify a finding in his favor. He was entitled to that ruling or to a statement of findings of fact showing that the requested rulings had become irrelevant.”
There is nothing in the record to indicate that the manner in which the trial court dealt with the plaintiff’s requests, even though irregular, resulted in harm to the plaintiff. No prejudicial error appearing, the report is dismissed.