THOMAS MURPHY *vs.* GRACE G. MOORE.

Worcester. September 24, 1940. — October 31, 1940.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Evidence*, Failure of party to testify, Inference. *Practice, Civil*, Argument to jury.

After the plaintiff in an action for personal injuries, without himself testifying, had introduced the report of an auditor who found that he had not been negligent although he had been under the influence of liquor, the defendant then had introduced evidence of a state of intoxication that caused his injuries and the plaintiff, still without himself testifying, had introduced evidence of his being sober shortly before the injury, the defendant was entitled to argue to the jury that, if the plaintiff could have testified to his sobriety he would have done so and that from his failure to testify an inference might be drawn that he was not sober.

TORT. Writ in the First District Court of Northern Worcester dated December 28, 1937.

Upon removal to the Superior Court, the action was referred to an auditor and afterwards was tried before *Morton*, J. There was a verdict for the plaintiff in the sum of $6,835.55. The defendant alleged exceptions.

*B. C. Tashjian*, (*F. P. Ryan* with him,) for the defendant.
*W. M. Quade*, (*A. W. Plotkin* with him,) for the plaintiff.

LUMMUS, J. On November 13, 1937, the plaintiff, a pedestrian on a public highway, was struck by the "right front" of an automobile owned and operated by the de-

fendant. The plaintiff was travelling east, and the defend-
ant west, both on the north side of the highway. The
auditor, whose findings were not to be final, found that the
defendant did not see the plaintiff until after the injury,
and that the defendant's son, who was riding with her, did
not see the plaintiff until the moment of the collision. The
auditor found that the defendant was operating her auto-
mobile at a speed of thirty or thirty-five miles an hour dur-
ing a hard rain when the visibility was poor. He found her
negligent. Although he found that the plaintiff was under
the influence of liquor, he found that the plaintiff was able
to take care of himself, that the defendant's automobile
swerved toward him, that he tried to escape by jumping
to the left, and that he was not guilty of contributory
negligence.

The case was tried to a jury. The plaintiff, though pres-
ent, failed to testify. In his argument, counsel for the
defendant commented on that failure. The judge instructed
the jury to disregard the comment, ruling that the jury
could not infer that the plaintiff would have injured his
case if he had testified. To this instruction the defendant
excepted.

It is true that at the outset of the trial the plaintiff intro-
duced the auditor's report and rested. Whatever would
have been the state of the case had the evidence stopped
there, after the defendant had introduced the evidence of
her son that the plaintiff staggered into the path of the
automobile, and the evidence of another witness that half
an hour earlier the plaintiff had been intoxicated and stag-
gering, the plaintiff introduced the testimony of a physician
that shortly after the injury the plaintiff's breath carried
no odor of liquor. That testimony tended to show, con-
trary to the report of the auditor and the testimony already
narrated, that the plaintiff was sober. Whether the plain-
tiff was intoxicated and staggered into the path of the auto-
mobile, or not, was highly material.

In this situation the defendant had a right to argue that
if the plaintiff could have testified to his sobriety he would
have done so, and that his failure to testify gave rise to an

inference that he was not sober. The instruction by the judge to disregard such an argument was error. *Kelley* v. *Boston*, 201 Mass. 86, 89. *Attorney General* v. *Pelletier*, 240 Mass. 264, 316. Wigmore, Evidence (3d ed.) § 289. Compare *Bresnick* v. *Heath*, 292 Mass. 293, 297. The jury may have based their verdict for the plaintiff upon a finding that he was sober, made without consideration of inferences that might properly have been drawn from his failure to testify.

<div align="right">

*Exceptions sustained.*