THOMAS MURPHY *vs.* GRACE G. MOORE.

Worcester.   September 27, 1943. — October 29, 1943.

Present: FIELD, C.J., DONAHUE, QUA, & DOLAN, JJ.

*Evidence*, Admissions and confessions, Presumptions and burden of proof, Failure to testify.

Mere failure of the plaintiff to testify, at a second trial of an action for personal injuries sustained when he was struck by an automobile, was not as matter of law a binding admission by the plaintiff on the issues whether he was intoxicated at the time of the accident and whether his intoxication would require a finding of contributory negligence, where an auditor whose findings were not to be final had stated a conclusion, not inconsistent with his subsidiary findings, that intoxication had not rendered the plaintiff contributorily negligent and there was conflicting evidence at the trial on the issue whether he was intoxicated when struck.

TORT.   Writ in the First District Court of Northern Worcester dated December 28, 1937.

The case previously was before this court, after removal to the Superior Court and a trial before *Morton*, J., and exceptions by the defendant were sustained as reported in 307 Mass. 163.   The second trial was before *Warner*, J.

*F. P. Ryan & B. C. Tashjian,* for the defendant, submitted a brief.

*W. M. Quade,* (*A. W. Plotkin* with him,) for the plaintiff.

FIELD, C.J.  This is an action of tort to recover compensation for personal injuries sustained by the plaintiff as a result of being struck by an automobile operated by the defendant.  The case was referred to an auditor whose findings of fact were not to be final.  The auditor made subsidiary findings, and stated further: "Upon all the evidence and the facts as found by me, I find that the defendant was negligent in the operation of her automobile in failing to see the plaintiff.  While driving conditions were bad, she had a visibility of twenty-five to thirty feet but did not see the plaintiff.  Her headlights were on and in proper working condition and there is no reason why she should have failed to see the plaintiff.  Furthermore, I find that she was negligent in operating her automobile at thirty to thirty-five miles per hour under conditions prevailing at the time.  I find that the plaintiff was under the influence of liquor at the time of the accident.  I find, however, that his condition did not affect or impair his senses to the extent or degree that he was unable to care for himself.  As he saw the automobile headed for him he attempted to avoid it by jumping to the left.  I find that the plaintiff was not contributorily negligent and that the accident was caused solely through the negligence of the defendant."

The case was tried to a jury upon the auditor's report and other evidence, and there was a verdict for the plaintiff.  Exceptions saved by the defendant at this trial were sustained.  *Murphy* v. *Moore,* 307 Mass. 163.

The case was again tried to a jury.  The plaintiff introduced the auditor's report and rested.  The defendant called witnesses, among them an owner of a restaurant who testified that on the day of the accident the plaintiff was in her restaurant, that he was "drunk," and that "the last time she saw him he was staggering as he was leaving the restaurant, about twenty minutes to one-half hour before the accident happened."  The plaintiff then called witnesses, among them a physician who testified that "he worked

over the plaintiff at the hospital for some two hours and that he detected no odor on his breath." After the testimony of this physician "the plaintiff's case was closed without calling the plaintiff as a witness, although he was in the courtroom during the entire proceedings." The defendant moved for a directed verdict. The motion was denied and the defendant excepted. There was a verdict for the plaintiff.

There was no error.

The evidence, as the defendant properly concedes, warranted a finding that she was negligent. The auditor's report, which was evidence in the case, not only warranted a finding that the defendant was negligent but also warranted findings that the negligence of the defendant was a cause of the plaintiff's injury and that the plaintiff was not guilty of contributory negligence. See *Stiles* v. *Wright*, 308 Mass. 326, 331; *Shoobridge* v. *Callahan*, 310 Mass. 632, 633. The subsidiary findings in the auditor's report were not necessarily inconsistent with the ultimate findings therein to this effect. See *Cook* v. *Farm Service Stores, Inc.* 301 Mass. 564, 567. The testimony at the trial might have been disbelieved, but, in any event, did not as matter of law require findings contrary to the ultimate findings in the auditor's report herein set forth. *Lindenbaum* v. *New York, New Haven & Hartford Railroad*, 197 Mass. 314, 323. *Learned* v. *Hamburger*, 245 Mass. 461, 468.

The sole contention of the defendant is that the failure of the plaintiff to testify, though present in the court room when the owner of the restaurant was testifying as to his condition, was an admission by him of the truth of this testimony, that the plaintiff is in the same position as if he had testified as a witness in accordance with this testimony, and that by reason of this admission a verdict should have been directed for the defendant. This contention cannot prevail. Doubtless the jury was entitled to consider the fact that, in the circumstances described, the plaintiff did not testify. *Kelley* v. *Boston*, 201 Mass. 86, 89. His failure to testify might have been regarded as an admission by him of the truth of the testimony that he was "drunk."

*Howe* v. *Howe*, 199 Mass. 598, 603. The jury could have drawn an inference from his failure to contradict or explain the testimony adverse to him that this testimony was true (*Murphy* v. *Moore*, 307 Mass. 163, 164–165), but this inference was not required as matter of law. Moreover, there was evidence of a physician tending to show that the plaintiff was not "drunk" (see *Murphy* v. *Moore*, 307 Mass. 163, 164), and the plaintiff was entitled to the benefit of this evidence more favorable to him. The failure of the plaintiff to contradict or explain unfavorable testimony of another witness, at most, had as matter of law no greater binding force upon the plaintiff than testimony of the plaintiff to the same effect as the testimony of such witness would have had. But the plaintiff would have been bound as matter of law by such testimony by him only if there had been no other evidence more favorable to him. *Murphy* v. *Smith*, 307 Mass. 64, 68. The plaintiff, therefore, was not as matter of law bound by his failure to testify.

Moreover, even if the plaintiff was "drunk" at the time of the accident, he would not have been precluded by his intoxicated condition from recovery in this action if this condition did not contribute to his injury. *Martin* v. *Florin*, 273 Mass. 13, 15. See also *Baczek* v. *Damian*, 307 Mass. 167, 168. The auditor found that the plaintiff "was under the influence of liquor at the time of the accident" but that "his condition did not affect or impair his senses to the extent or degree that he was unable to care for himself," and that he "was not contributorily negligent and that the accident was caused solely through the negligence of the defendant." The finding by the auditor that the plaintiff was "under the influence of liquor" was not as matter of law binding upon the plaintiff in view of the testimony at the trial tending to contradict this finding. But even if the plaintiff was intoxicated at the time of the accident, the ultimate findings of the auditor constituted evidence that the plaintiff's condition did not contribute to his injury. And the subsidiary findings of the auditor, the testimony at the trial and the failure of the plaintiff to testify did not require as matter of law a finding to the

contrary. The motion for a directed verdict, therefore, could not rightly have been granted.

*Exceptions overruled.*