*Southern District*

### RAYMOND E. TARDIE
### v.
### JAMES J. CONDON

*Present:* Nash, P. J., Callan & Kalus, JJ.

Case tried to *Kupka, J.,* in the District Court of Brockton. No. 22330.

*Kalus, J.* This is an action in tort in which the plaintiff seeks to recover compensation for damages to his motor vehicle when it was in collision with a motor vehicle allegedly owned and operated by the defendant. The plaintiff has a finding in the sum of $148.00, and the single issue raised by this report (the plaintiff concedes that the damages cannot be in excess of $140.00, and he has waived such excess) is whether there was sufficient evidence to warrant the trial court in finding that the defendant was the person who operated the vehicle which was in collision with the plaintiff vehicle.

It is our opinion that the finding of the trial court was well warranted.

All of the testimony in the case came from the plaintiff, (the defendant offered no evidence, concerning which we shall comment upon later) and on the issue of "identity" the plaintiff testified, without objection, as follows: "The plaintiff started to turn into Route 106 when collision occurred with

*defendant Condon.* After the collision, the plaintiff pulled to the side of the road but the *defendant's car* went about 200 feet after impact before stopping. The plaintiff testified that he exchanged papers with *Mr. Condon* and asked him why he was passing on the right. Condon said, 'We were both at fault'." (Emphasis supplied).

We do not agree with the contention of the defendant that this evidence amounts to no more than a "bald identity or similarity of name" situation, as was the case in *Lodge v. Congress Taxi Assoc.,* 340 Mass. 570. The evidence in the instant case goes much further than mere "identity — of name". The plaintiff, in fact, specifically names and identifies the defendant as the person who operated the vehicle which collided with his vehicle.

At this posture of the case (with evidence of negligence and damage already in) there was a duty on the defendant to testify. It is a well established rule of evidence that no inference may be drawn against a civil defendant because of his failure to testify until a *prima facie* case has been established against him.

Here the plaintiff has established such a case. He has identified the defendant as the operator and consequently there is a burden on the defendant to meet this evidence. The defendant is not being required to furnish or supply evidence to assist the plaintiff in establishing this point. The plaintiff has already done so. The defendant is required to rebut or refute the plaintiff's evi-

dence and his failure to do so may well be considered by the trial court as an admission by silence that he was in fact the operator. Compare: *Hinds v. Bowen,* 268 Mass. 55; *Murphy v. Moore,* 307 Mass. 163; *Herman v. Fine,* 314 Mass. 67; *Bishop v. Pastorelli,* 240 Mass. 104.

There was no error in the trial judge's disposition of the defendant's requests for rulings, and it is ordered *Report Dismissed.*

Edward H. Stevens of Brockton, for the Plaintiff.
Paul L. Kelly of Boston, for the Defendant.