*Northern District*
No. 8195
**PAULINE A. GIANNUSA**
v.
**FIRST NATIONAL STORES, INC.**

Argued: May 2, 1974 - Decided: Sept. 13, 1974

Case tried to *Lee, J.* in the Municipal Court of the Dorchester District, No. R-6355.

*Present:* Cowdrey, P.J., Flynn, J.

**Flynn, J.** This is an action of tort brought by writ dated December 11, 1969. The action was removed to Suffolk Superior Court. There-

after it was remanded to the Municipal Court of the Dorchester District for trial.

The declaration is in one count and alleges that on or about May 7, 1963 "the plaintiff was lawfully on the premises of the defendant corporation" and that she suffered personal injury due to its negligence.

The answer pleads the general denial, contributory negligence, assumption of the risk, statute of limitations, and that the alleged injuries were not caused by persons for whose conduct the defendant was responsible.

The court found for the plaintiff in the sum of $900.00.

**At the trial there was evidence tending to show that** the plaintiff, age 15, left her home on Morton Street in Dorchester on March 7, 1963 at 8:00 A.M. As she walked along Morton Street on her way to school carrying books, she fell on the sidewalk at a point about 20 feet from her house. At this point a driveway leading to a parking lot in the rear of a building crosses the sidewalk. In the building was a First National Store and also three other stores. The sidewalk at that point had many cracks and holes in it. The holes were "pretty deep" and some cement was missing. The plaintiff who had observed the holes there for many months prior to the accident fell in one of these areas and was injured.

The plaintiff's father saw his daughter fall. There was testimony to the effect that the sidewalk had been this way for many years and that other people had fallen there as well. Also, that the plaintiff's father had complained about the condition of the sidewalk both to the manager of the store and to the defendant's Somerville office, and had reported his daughter's accident to a person in the office of the manager of the store. There was also evidence that a week or two after the plaintiff's accident some men came in a truck which said "First National Stores" on the side and that they repaired the sidewalk where the plaintiff had fallen.

The defendant presented no witnesses or evidence at the trial.

At the close of the evidence and before the final arguments the defendant made the following requests for rulings.

> 1. The evidence does not warrant a finding that the defendant, its agents or servants, were negligent.
>
> 2. The evidence does not warrant a finding other than that the negligence of the plaintiff contributed in whole or in part to cause the alleged injuries and damage.
>
> 3. The evidence does not warrant a finding that the negligence of the defendant proximately cause the alleged injuries and damage.

4. As a matter of law, the defendant breached no legal duty owed by it to the plaintiff:

5. The evidence does not warrant a finding that the area where the plaintiff alleges she fell was in the control of the defendant.

6. The evidence does not warrant a finding other than that the plaintiff assumed the risk of the injuries alleged to have been suffered.

The court denied all of the defendant's requests and found the following facts:

"I find that the plaintiff, while in the exercise of due care, tripped over a portion of the driveway which was under the control of the defendant. I find that this driveway was in a defective condition because of holes and pot holes that had been in existence for some time prior to the accident. I find that the defendant knew or should have known of this defective condition and corrected same and that its failure to do so was negligence."

The defendant claimed to be aggrieved by the denial of all its requests for rulings and by the finding for the plaintiff.

It must first be established whether or not the finding by the trial justice of control by the defendant of the portion of the driveway where the plaintiff fell was warranted by the evidence. In our opinion there was ample evidence to permit such a finding. The defendant occupied the building to which

the driveway led and was an abutter of the premises where the fall took place. There was no evidence that the defendant denied or disclaimed liability or control when the plaintiff's father complained to the defendant about the condition of the sidewalk or when he made his report to the defendant concerning his daughter's accident. Furthermore, there appears to have been no testimony at the trial that the driveway was not under the control of the defendant.

Nor was any testimony offered by the defendant at the trial. The failure of a party in the face of evidence adverse to his interest to testify as to matters within his knowledge may be regarded as conduct in the nature of admission, and an adverse inference may be drawn from such failure to testify. *Mitchell* v. *Silverstein,* 323 Mass. 239, 240. *Attorney General* v. *Pellitier,* 240 Mass. 264, 316. *Bresnick* v. *Heath,* 292 Mass. 293, 297. *Kelley* v. *Boston,* 201 Mass. 86, 89. *Wigmore on Evidence* (3rd Edition) Vol. II, § 289.

Evidence of repairs made or precautions taken after an accident may be admissible to show that the control of the premises is in the defendant where this is a matter of dispute, even though such evidence would not be admissible to show liability. *Gauveau* v. *Gulf Refining Co.,* 288 Mass. 54. *Manchester* v. *Attleboro,* 288 Mass. 492. *Finn* v. *Peters,* 340 Mass. 622, 625. *Baum* v. *Ahlborn,* 210 Mass.

336, 337. *Perkins* v. *Rice,* 187 Mass. 28, 30. 64 ALR 2nd 1311. 170 ALR 43.

The trial justice's finding of control in the defendant, where such finding was warranted by the evidence, should not be disturbed. *Moss* v. *Old Colony Trust,* 246 Mass. 139, 143. *Rendle* v. *Conley & Daggett, Inc.,* 313 Mass. 712.

The defendant as an abutter in control had a duty to exercise reasonable care to maintain the premises in a reasonably safe condition so as not to cause injury to the public traveling on the driveway. *Mays* v. *Gamarnick,* 326 Mass. 139, 141. *Agnew* v. *Franks,* 255 Mass. 539, 541. *Hunt* v. *Lane Brothers Company,* 294 Mass. 582, 587.

The justice's finding that the driveway was in a defective condition because of holes and pot holes that had been in existence for some time prior to the accident was warranted. Upon the evidence, holes that were "pretty deep" had been present for some months prior to the plaintiff's fall and the plaintiff's father had complained of this condition to the defendant.

Furthermore, prior falls of other people at the same location may be admissible to show the nature of the driveway as having a tendency to produce injuries or falls. If it can be shown what that tendency is it may then be possible to show that the maintenance of a place of that tendency (likely to

cause harm) is negligence. *Wigmore, Evidence,* 2nd Vol. II, Section 444, 458. *Denton* v. *Park Hotel, Inc.,* 343 Mass. 524, 527. *Rolsitaille* v. *Netco Community Theatre of North Attleboro, Inc.,* 305 Mass. 265, 268.

The failure of the defendant to put the driveway in a reasonably safe condition when, as the judge so found, it knew or should have known of the condition that prevailed could be found to constitute a breach of duty and negligence on its part with the resultant injury to the plaintiff. The justice's finding of negligence therefore should stand. *McKenna* v. *Andreassi,* 292 Mass. 213, 215. *Sreda* v. *Kessel,* 310 Mass. 588, 589.

Finally, on the evidence, the justice would not be required to find that the plaintiff assumed the risk of the injuries she suffered nor would he be required to find that the negligence of the defendant did not proximately cause the plaintiff's injuries.

There being no prejudicial error, **the report is hereby dismissed. So ordered.**

SUMNER D. GOLDBERG of Boston
   for Plaintiff